MEDBURY *against* HOPKINS.

The *lex loci* is applicable only to the validity and interpretation of contracts, and not to the time, mode or extent of the remedy. Therefore, where the statute of limitations of another state, was pleaded in bar of an action brought in this state, on a contract entered into, in the former state, by parties residing there at the time ; such plea was held to be insufficient.

An act of a state legislature, which discharges a debtor, on his surrendering his property for the benefit of his creditors, from all his debts previously contracted, is " a law impairing the obligation of contracts," within the meaning of the constitution of the *United States,* and is, therefore, void.

THIS was an action of *assumpsit*, founded on a promissory note, made and delivered, by the defendant, in the state of *New-York*, where both the parties at that time resided. The plaintiff, shortly afterwards, removed into this state ; and on the defendant's coming into this state, in *December*, 1818, this action was commenced, and made returnable to the county court of *Windham* county. On the removal of the cause to the superior court, the defendant pleaded, 1st, The statute of limitations of the state of *New-York* ; 2ndly, That subsequent to the execution of the note, *viz.* on the 14th of *April*, 1818, the defendant was declared an insolvent debtor, and obtained a certificate thereof, under the insolvent law of the state of *New-York*, passed in *April*, 1813. To these pleas there was a ge-

neral demurrer ; and the case was reserved for the advice of all the Judges.

*Judson,* in support of the demurrer.

*Cleaveland,* contra.

Hosmer, Ch. J.   This case presents two questions for the consideration of the court.   The first is, whether the law of limitation in *New-York,* the place where the contract was made, and at which the parties to it resided, when it was entered into, is a bar to the suit now depending in a court of this state.

It is an established principle, that contracts are to be construed according to the law of the place, in reference to which they are made.   It is equally well settled, that the *lex loci* is applicable only to the validity and interpretation of contracts, and not to the time, mode or extent of the remedy.   *Nash* v. *Tupper,* 1 *Caines,* 402.   *Ruggles* v. *Keeler,* 3 *Johns. Rep.* 263. *Pearsall* & al. v. *Dwight* & al. 2 *Mass. Rep.* 84.   In the case last cited, it was adjudged, that the statute of limitations of the state of *New-York,* was no bar to an action, brought, by inhabitants of that state, before a court in *Massachusetts,* upon a promissory note given in *New-York,* by citizens of the state of *Massachusetts.*   The principle of the determination is thus expressed, by the late Ch. J. *Parsons* : " The party claiming the benefit of the note, in this case, has sued it originally, in a court of this state.   The law of the state of *New-York* will, therefore, be adopted, by the court, in deciding on the nature, validity and construction of the contract.   This we are obliged to do, by our own laws.   So far the obligation of comity extends ; but it extends no further.   The form of the action, the course of judicial proceedings, and the time when the action may be commenced, must be directed, exclusively, by the laws of this commonwealth."   In the principle, on which the above cases were determined, I entirely concur ; and consider the plea of the statute of limitations, as invalid.

The remaining enquiry relates to the legal sufficiency of a discharge, obtained, by an insolvent debtor, under the act of *New-York.*   This point has recently been adjudged in *Smith*

*Windham,*
*October,*
*1820.*

*Medbury*
*v.*
*Hopkins.*

v. *Mead,* ante, 253. and *Hammett* & al. v. *Anderson* & al. ante, 304.; and it is only necessary to say, that those cases rule the present.

I would advise the superior court, that the pleas of the defendant are insufficient.

The other Judges were of the same opinion.

Judgment to be rendered for the plaintiff.