THOMAS B. FANTON vs. HUBBELL MIDDLEBROOK.

The presumption of payment that exists in the case of a judgment that has run twenty years, is sufficient if not rebutted; but the fact that the judgment has not been paid may be shown.

And it makes no difference that the judgment was rendered in another state.

Nor that by the statute of that state no action could be brought upon it unless within six years from the time it was rendered.

ACTION on a judgment; brought to the Court of Common Pleas, and tried to the court before *Hall, J.* Facts found and judgment rendered for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*O. A. G. Todd,* in support of the motion.

*S. Tweedy,* contra.

PARK, C. J. In the month of April, 1858, the plaintiff recovered judgment against the defendant before a justice of the peace in the state of Michigan, for the sum of two hundred and thirty-four dollars debt and costs of suit. Since that time the plaintiff has resided in this state, but the defendant has resided elsewhere. One of the statutes of Michigan provides that no action shall be maintained or execution issued, except within six years, upon any judgment of any court, not a court of record. It is found that the judgment has in fact never been paid.

The defendant claimed on the trial that inasmuch as twenty years had elapsed between the date of the judgment and the commencement of this suit, the law conclusively presumed that the judgment had been paid, and requested the court so to rule. The court ruled otherwise, and this raises the first question in the case.

In the recent case of *Chapman* v. *Loomis,* 36 Conn., 459, it is held that the presumption of payment of a judgment

arising from lapse of time, is a rebuttable presumption, which will be sufficient if unexplained and uncontradicted; but that the real fact can always be shown. It does not alter the case that the judgment was rendered in another state. We might cite many authorities from other states to the same effect. There is nothing in this claim.

The defendant requested the court to rule, that by the statute law of Michigan a justice court is not a court of record; that no action could have been maintained upon the judgment in that state but within six years from the time when it was rendered; and that all defences, which would have been available to the defendant in that state, had the action been brought there, could be made in this state. The court did not so rule, and this is assigned as error.

The defendant does not seem to apprehend the nature of a statute of limitations. Such a statute does not extinguish the debt. It merely deprives the creditor of a right of action to recover the debt. The language of the statute of Michigan is—"no action shall be maintained," &c. This statute has no extra-territorial effect. It is confined to the state where it was enacted. It is a principle of universal application that remedies and modes of procedure depend upon the *lex fori*. The following authorities are a complete answer to the defendant's claim upon this point. *Medbury* v. *Hopkins*, 3 Conn., 472; *Atwater* v. *Townsend*, 4 id., 47; *Beckwith* v. *Angell*, 6 id., 322; *Wood* v. *Watkinson*, 17 id., 500; Story on Conflict of Laws, § 582.

A new trial is not advised.

In this opinion the other judges concurred.