T. Wilson Black, Administrator, et al., *vs.* David
Griggs et al.

Third Judicial District, New Haven, January Term, 1902.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Section 1104 of the General Statutes provides that if the trial court
  thinks the jury have mistaken the evidence in the cause, or have
  brought in a verdict contrary to the direction of the court in a
  matter of law, it may return them to a second consideration, and
  for a like reason to a third consideration, but no more. *Held*
  that under the power thus conferred the trial court might properly
  request the jury to reconsider an award of only $200 damages for
  negligently causing death; and that its action in so doing would
  not be reviewed on appeal, unless some erroneous instruction was
  given to the jury in making such request.
In sending the jury back the presiding judge said to them that while
  the question of damages was for them to determine, it did, never-
  theless, seem to the court that $200 for the loss of the life of a
  woman thirty-five years old, in good health, was inadequate; and
  requested them to consider that matter further. The jury retired
  and returned a verdict for $1,000, which the court accepted. *Held*
  that while the trial judge was justified in assuming, from the ver-
  dict as first rendered, that the jury had finally passed upon the
  defendants' liability, the instructions given were not open to the
  objection that they limited the jurors to a verdict for the plaintiffs
  and one for an increased amount. The action of the court was not
  a refusal to accept the first verdict, but a statement that the case
  must be further considered before that verdict would be accepted.

Argued January 29th—decided March 5th, 1902.

ACTION to recover damages for personal injuries resulting
in the death of the plaintiffs' intestate, claimed to have been
caused by the negligence of the defendants, brought to the
Superior Court in New Haven County and tried to the jury
before *George W. Wheeler, J.;* verdict and judgment for the
plaintiffs for $1,000 damages, and appeal by the defendants
for alleged error of the court in instructing the jury upon
the amount of damages. *No error.*

The case is sufficiently stated in the opinion.

*Lucien F. Burpee,* for the appellants (defendants).

*John O'Neill*, for the appellees (plaintiffs).

HALL, J. Upon the trial in the Superior Court the plaintiffs offered evidence to prove that their intestate, Emily Caldwell, who was employed by them as a chambermaid in a hotel conducted by them, fell from the fifth story of said hotel building, from the platform of a fire-escape attached thereto, to the ground, a distance of about 50 feet, and received injuries from which she died in a few hours, after much suffering. The plaintiffs claimed to have proved that the accident was caused by the negligence of the defendants, who were the owners of the building, in having failed to fasten the railing of the fire-escape securely in its place. It appeared that the deceased was thirty-five years of age, at the time of the accident, and in good health. No evidence seems to have been offered as to the amount of the wages she was able to earn.

Upon the question of damages the court charged the jury that they were to award just damages, not exceeding the sum of $5,000 ; that they might take into consideration " the pain and suffering, if any, both physical and mental, endured by the decedent, and the loss to the estate of the decedent by her death." The court further said to the jury : " In estimating the just damages you may consider the age and the condition of health of the deceased, and all the evidence and the facts surrounding her ; I mean, as bearing upon the question of the value of her life ; and if the earning capacity were in evidence, as it is not, you might consider that also."

The jury having brought in a verdict for the plaintiffs to recover $200 and costs, the court said to them : " I am unable to accept that verdict without asking you to reconsider the matter. While the question of damages is for you to determine, if you find a verdict in favor of the plaintiffs, as you have, it does seem to the court that $200 for the loss of the life of a woman of thirty-five years, in good health, is an inadequate award ; and of course when I speak of the loss of life I speak of it in the sense in which I charged you ; and while the matter rests within your judgment, I think it is

incumbent upon me to ask you to consider that question further, and I submit the case to you for your further consideration." The jury again retired and returned a verdict in favor of the plaintiffs for $1,000.

The action and remarks of the court, in thus returning the jury to a second consideration, are the only assignments of error which we are asked to consider.

Section 1104 of the General Statutes provides that " the court may, if it judges the jury have mistaken the evidence in the cause, and have brought in a verdict contrary to it, or have brought in a verdict contrary to the direction of the court in a matter of law, return them to a second consideration, and for like reason may return them to a third consideration, and no more."

This statute does not limit the power of the trial court to return the jury to a second or third consideration, to cases in which the verdict is, in the opinion of the court, in favor of or against a wrong party. A verdict in other respects correct may be contrary to the evidence, or to the direction of the court in a matter of law, because for too large or too small a sum, and the provisions of this section are applicable to such cases.

The power thus granted is not in effect to set aside the verdict, as it must be exercised before the verdict is accepted, nor to refuse to accept the verdict as first rendered, since the court must receive it, at least after the third consideration, if in proper form. Inasmuch as the court may return the jury either because it judges that they have mistaken the evidence, or have misunderstood the directions of the court, it is proper for the court to inform the jury why they are so returned. While the remarks of the court to the jury in so returning them, either regarding the evidence or regarding matters of law, are subject to review on appeal as a part of the charge (*West* v. *Anderson*, 9 Conn. 107, 111 ; *Scholfield G. & P. Co.* v. *Scholfield*, 71 id. 1, 23), the power given by the statute to the court to so return the jury is largely a discretionary one, the reasonable exercise of which, in the absence of erroneous instructions to the jury in returning

Black v. Griggs.

them, will not be reviewed by this court, especially when it appears that the verdict finally accepted is not, by reason of the change made, contrary to the law or the evidence.

The action of the trial court in the present case in returning the jury to a second consideration of the question of damages was a reasonable and proper exercise of the power given by the statute. The court was justified in assuming from the first verdict that the jury had finally settled the question of the defendants' liability for the accident, and the trial judge evidently did not deem it his duty to return the jury for a further consideration of that subject. Having determined the question of the defendants' liability, it became the duty of the jury in awarding " just damages " to consider, as the consequences of the defendants' negligent act, not only the physical and mental suffering endured by the deceased, but also her loss of life, even though there was no testimony as to the amount she was capable of earning, and to consider, as they were directed to by the court, the age and condition of health of the deceased, as bearing upon the question of the value of her life. *Broughel* v. *Southern New Eng. Tel Co.*, 72 Conn. 617, 623, 73 id. 614, 620.

From the small amount of the first verdict the trial judge was justified in thinking that the jury had not awarded " just damages," if they had properly considered the case, and we think he rightly concluded that the smallness of the sum awarded might be due to the fact that the jury had failed to consider the legal elements of damage as stated to them by the court, and they ought therefore to be returned for a further consideration of the question of damages. It is hardly necessary to add that the damages finally awarded are not excessive, but are smaller than are usually given in actions for injuries resulting in death from negligence.

We find nothing to criticise in the remarks of the court in returning the jury to reconsider the case. If we may suppose, as the defendants claim, that the smallness of the sum awarded may have induced jurors who really favored a verdict for the defendants to agree to the first verdict for the plaintiffs, the instructions given by the court in sending back

the jury were not calculated to lead such jurors to believe that they were afterwards required to unite in a verdict for the plaintiffs, or if they did, that it must be for a larger sum than that given by the first verdict. The jury were told that it still remained for them to determine the amount of the damages, and that the matter rested within their judgment. The action of the court was not a refusal to accept the first verdict, but a direction that the case must be further considered before that verdict would be accepted.

There is no error.

In this opinion the other judges concurred.