THE STATE OF CONNECTICUT *vs.* GIORDANO CANDIDO.

First Judicial District, Hartford, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

It is within the province of the jury to determine the degree of murder where this depends purely upon questions of fact; and therefore a trial judge, although somewhat in doubt himself as to the degree of crime established by the evidence, acts properly in refusing to set aside a verdict of murder in the first degree which the jury, acting reasonably and after a second consideration of that question, have again reported.

Any length of time within which the accused may form a wilful, deliberate and premeditated intent to kill the decedent before he carries it into execution, is all that is essential, so far as the element of time is concerned.

The State *v.* Candido.

In the present case the evidence furnished ample foundation for a finding that the intent to kill had been formed for at least a sufficient length of time to enable the accused, then in his bedroom, to obtain his revolver from his trunk, to pass out through a hallway and half way across the room where the decedent was, before firing the shots which proved fatal. *Held* that so far as the element of time was concerned this evidence was sufficient to justify a finding of wilful, deliberate and premeditated action.

The testimony of one eye-witness of a homicide and that of several others to different parts of the same transaction, or to different circumstances surrounding the case, each tending to show the guilt of the accused, complies with the standard fixed by the statute, § 6633, in requiring the testimony of at least two witnesses "or that which is equivalent thereto," in order to convict the accused of a capital crime.

Argued January 7th—decided January 30th, 1919.

INDICTMENT for murder in the first degree, brought to the Superior Court in Litchfield County and tried to the jury before *Reed, J.;* verdict of guilty, motion to set aside the verdict denied, judgment in accordance with the verdict, and appeal by the accused.  *No error.*

*Leonard J. Nickerson*, for the appellant (the accused).

*Walter Holcomb*, State's Attorney, for the appellee (the State).

PRENTICE, C. J.  The appellant was indicted and convicted of the crime of murder in the first degree, in that he wilfully, deliberately and premeditatedly shot and killed one Angela Pecoraro, his landlady.  The admitted shooting took place at her home in Torrington, and in the presence of another boarder.  There was nothing in the evidence upon which a claim could reasonably be predicated that the homicide was either justifiable or excusable, or under circumstances which would reduce the crime to that of manslaughter. Neither was there upon his trial, nor is there before us, any claim of that character made in the accused's be-

half. The principal contention below, and here, is that the verdict which the jury returned, that the accused was guilty of first-degree murder, and which the court refused to set aside upon motion, does not find sufficient support in the evidence to justify its return.

The trial judge was of the opinion that there might be room for question whether the State had established beyond a reasonable doubt that the killing was wilful, deliberate and premeditated, and so expressed himself to the jury after they had first reported their verdict. He then, acting under authority of the statute (§ 5788), returned them to a reconsideration of the case, with instructions that they consider further the evidence touching that matter and determine whether in their opinion the verdict might not consistently and reasonably be reduced to one of the second degree. When, after further unexceptionable instructions in response to inquiries made by the members of the panel concerning the difference between first and second degree murder as established by our law, and the practical purport of the statutory requirement that conviction in the first degree could only be had upon the testimony of at least two witnesses or that which was equivalent thereto, the same verdict was returned, it was accepted and recorded. Thereafter the judge, notwithstanding any doubt that he personally may have harbored, denied the motion to set the verdict aside.

In so doing he acted lawfully and properly. The questions involved in the determination of the degree of the crime were purely those of fact, and lay within the jury's province. *State* v. *Smith*, 49 Conn. 376, 389; *State* v. *Cronin*, 64 Conn. 293, 305, 29 Atl. 536. Their conclusion, if it was one which could be arrived at reasonably upon the evidence and the application thereto of the governing requirements of law, he could not rightfully disturb and it must stand.

The State v. Candido.

The reasons assigned or suggested, whether below or before us, why the verdict returned finds no reasonable justification in the evidence, are two. The first is that the evidence fails to establish beyond a reasonable doubt that the killing was wilful, deliberate and premeditated, since it does not sufficiently appear that the accused's mind was in a condition to plan and execute a deliberate and premeditated murder, and because of the absence of evidence showing deliberation and premeditation or time therefor. The second is that there was not produced by the State either the testimony of two witnesses to the homicide, or the equivalent thereof.

We fail to find in the evidence anything which would reasonably have justified the jury in doubting either the sanity of the accused or his mental competency to plan, deliberate and premeditate concerning his future conduct.

Upon the subject of his having in fact wilfully, deliberately and with premeditation formed the specific intent to kill Mrs. Pecoraro, we certainly cannot hold that the jury could not, upon the evidence before them, reasonably have reached the conclusion that he did so form such intent, afterward executed. How long a period of time elapsed from the moment that the first thought of killing her was entertained, to that when the deed was done, or that any great length of time elapsed, may not be indicated by the evidence with any degree of definiteness or certainty. But that was not essential. The evidence did furnish ample foundation for a finding that the intent to kill had been formed at least a sufficient time before the killing to enable the accused, then in his bedroom, to obtain his revolver from his trunk, pass out through a hallway into the room where Mrs. Pecoraro was, and walk half way or thereabouts across the latter room to the point at which he fired the four shots, one of which, at least, proved

The State *v.* Candido.

fatal. As far as the element of time was concerned, that was sufficient to support a finding that the act of killing was the result of wilful, deliberate and premeditated action. The law upon this subject was well stated by the late CHIEF JUSTICE PARK in language which, upon appeal, had the approval of this court, to wit: "The question of time is important only so far forth as this—there must be time enough for the accused to form a wilful, deliberate, premeditated and specific intent to kill the deceased, which must be formed before the execution of such intent. The statute requires the killing to be wilful, deliberate and premeditated, and if there is sufficient time to form the wilful, deliberate, premeditated and specific intent to kill before the act of killing, then the time will be sufficient, whether it was longer or shorter. The act of killing must be preceded by such wilful, deliberate, premeditated and specific intent, and if there is time enough for that, that is all that is necessary. It is a question of fact for the jury, and in determining this the jury must consider all the evidence in the case." *State* v. *Smith,* 49 Conn. 376, 389.

The conclusion of the jury that the testimony offered by the State was equivalent to that of two witnesses, was amply justified. The testimony consisted of that of one eye-witness of the homicide, and that of several other persons testifying to different parts of the transaction and different facts and circumstances surrounding the case, each tending to show the guilt of the accused. *State* v. *Washelesky,* 81 Conn. 22, 27, 70 Atl. 62; *State* v. *Smith,* 49 Conn. 376, 385.

The reasons of appeal embody one unrelated to the action of the court in refusing to set aside the verdict. That reason is stated to be that "the defendant did not have a full and fair trial in the presentation of his defense and that he was prejudiced thereby." Disre-

garding the generality of this assignment of error, we fail to find any merit in it. It not only points out no ground for the assertion made, but none is pointed out in the brief of the accused's counsel. Looking further, we do not discover in the record any objection, or ground for objection, to the rulings of the court upon the admission of testimony, to its conduct of the case in any particular, or to its charge to the jury. We are thus left to speculation and conjecture as to what basis there by possibility might be for complaint that the accused was not accorded a full and fair trial. Certainly the record shows none.

There is no error.

In this opinion the other judges concurred.