SOPHIA E. DANIELS *vs.* THE F. & W. GRAND 5, 10 AND 25-CENT STORES, INCORPORATED.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

It is entirely proper for the trial judge to request the jury to reconsider their original verdict (§ 5788) if he believes that they have mistaken the import or effect of his instructions or reached a conclusion contrary to the evidence, and in so doing to inform them of the reasons therefor.

This power of returning the jury for a further consideration is largely discretionary, and, unless abused, its exercise will not be revised by this court; and especially so when, as in the present case, it appears that the changed verdict finally returned accords with the law and the evidence in the case.

It is sufficient for the trial court, and usually desirable, to incorporate in its own arrangement of a charge the pertinent suggestions of the parties imbedded in their requests.

A charge correct in law and adequate to the situation before the jury, is all that can be required.

Argued June 8th—decided July 27th, 1923.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* the jury returned a verdict for the plaintiff for $500, which the court requested them to reconsider upon the

question of contributory negligence, and thereafter reported a verdict for the defendant, upon which judgment was rendered, from which the plaintiff appealed. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*J. Gilbert Calhoun,* with whom, on the brief, was *Edward W. Broder,* for the appellee (defendant).

PER CURIAM.  The plaintiff complains mainly, that the court erred in refusing to set aside the verdict, and in returning the jury to a second consideration of the case after they returned with a verdict for the plaintiff.  Under the evidence the jury could reasonably have found a verdict for the defendant.

Under General Statutes, § 5788, the court is authorized to return the jury to a second and a third consideration of a case, if it judges from the verdict returned that the jury have mistaken the evidence in the cause and have brought in a verdict contrary to it, or contrary to the direction of the court in a matter of law.  What we said in reference to this statute in *Black* v. *Griggs,* 74 Conn. 582, 584, 51 Atl. 523, establishes clearly that the court in returning the jury for a second consideration properly indicated to them why this action was taken by it.  In *Black* v. *Griggs,* we said: "The power thus granted is not in effect to set aside the verdict, as it must be exercised before the verdict is accepted, nor to refuse to accept the verdict as first rendered, since the court must receive it, at least after the third consideration, if in proper form.  Inasmuch as the court may return the jury either because it judges that they have mistaken the evidence, or have misunderstood the directions of the court, it is proper for the court to

inform the jury why they are so returned. While the remarks of the court to the jury in so returning them, either regarding the evidence or regarding matters of law, are subject to review on appeal as a part of the change (*West* v. *Anderson,* 9 Conn. 107, 111; *Scholfield G. & P. Co.* v. *Scholfield,* 71 id. 1, 23), the power given by the statute to the court to so return the jury is largely a discretionary one, the reasonable exercise of which, in the absence of erroneous instructions to the jury in returning them, will not be reviewed by this court, especially when it appears that the verdict finally accepted is not, by reason of the change made, contrary to the law or the evidence." The court did not err, therefore, in returning the jury to a second consideration of the cause.

The plaintiff claims error on the part of the court in failing to give several of her requests to charge, and in charging the jury in several particulars, and in rulings upon the admission of evidence.

The requests of the plaintiff to charge, in so far as essential to adequately present the case to the jury, were given in substance. The court is not required to use the language, often prolix and largely argumentative in substance, with which a party clothes a pertinent request to charge. It is sufficient, and usually desirable, for the court to do as was done in this case, to incorporate in its own arrangement of a charge the pertinent suggestions of the parties found imbedded in their requests. *Roth* v. *Chatlos,* 97 Conn. 282, 116 Atl. 332.

The reasons of appeal relating to certain excerpts from the charge are, upon examination, so refined and so clearly untenable as not to justify further consideration. The charge called the attention of the jury to whatever was necessary to properly guide

them in the situation before them, correctly stated the law relative to the situation and was adequate for their guidance.

As to the claimed errors in rulings upon the admission of evidence, two are so clearly correct and the third so inconsequential, that they do not merit discussion.

There is no error.