MARY A. MANNING *vs.* GEORGE W. SIMPSON.

Worcester. September 27, 1927. — January 4, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Gross, Motor vehicle, In use of highway.

At the trial of an action by a guest in an automobile against the owner and driver for personal injuries received in a collision of automobiles, there was evidence that, seeing the other automobile approaching at a curve on a slippery road and fearing a collision, the defendant put on additional speed and drove to his left across the path of the approaching automobile in a futile attempt to get into a driveway which entered the

road a little ahead of him; and that the accident would have been avoided had the defendant stopped when an ordinarily prudent man would have appreciated danger, or had he turned to his right and kept on across a gravelled border and upon some car tracks which, though uninviting, were less dangerous than the road in front of the other motor vehicle. *Held,* that

(1) A finding that the defendant was guilty of gross negligence was warranted;

(2) A finding for the plaintiff was warranted.

TORT for personal injuries. Writ dated March 12, 1926.

In the Superior Court, the action was tried before *O'Connell,* J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied. The jury found for the plaintiff in the sum of $4,358. The defendant alleged exceptions.

*H. A. Moran,* for the defendant.

*C. W. Proctor,* (*J. C. McDonald* with him,) for the plaintiff.

WAIT, J. This is an action brought by a guest against her host for injuries alleged to be due to his carelessness in driving the automobile in which they were riding. In order to recover she must show that her host was guilty of gross negligence. *West* v. *Poor,* 196 Mass. 183. *Massaletti* v. *Fitzroy,* 228 Mass. 487.

The defendant does not dispute that, meeting an oncoming automobile at a curve on a slippery road and fearing a collision, he put on additional speed and drove to his left across the path of the approaching car in a futile attempt to get into a driveway which entered the road a little ahead of him. He contends that as matter of law he cannot be found grossly negligent. There was evidence from which the jury could have found that the accident would have been avoided had he stopped when an ordinarily prudent man would have appreciated danger, or had he turned to his right and kept on across a gravelled border and upon some car tracks which, though uninviting, were less dangerous than the road in front of the other motor vehicle. All the conditions existing at the place of the accident and all the considerations likely to affect the driver could be known, but, as the evidence was conflicting, it was for the jury to decide

what they were. In the opinion of a majority of the court the judge was right in refusing to rule as requested. The jury were warranted in finding, in addition to ordinary carelessness, an utter disregard of the dictates of prudence amounting to complete neglect of the safety of the guest, which would constitute gross negligence. *Altman* v. *Aronson*, 231 Mass. 588.

The evidence does not require a finding that the defendant's action was simply the unwise conduct of one who, in an emergency, does what occurs to him on the spur of the moment.

We see nothing in *Burke* v. *Cook*, 246 Mass. 518, *Shriear* v. *Feigelson*, 248 Mass. 432, or *Marcienowski* v. *Sanders*, 252 Mass. 65, which calls for a different conclusion. Each case must stand on its peculiar facts.

In the case before us the order will be

*Exceptions overruled.*