MICHAEL P. SLOBODNJAK *vs.* PHILIP COYNE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 10th—decided April 18th, 1933.

*M. Joseph Blumenfeld,* for the appellant (defendant).

*Edward S. Pomeranz,* with whom, on the brief, were *S. Polk Waskowitz* and *George Miske,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover for injuries suffered by being thrown from an automobile in which he was riding as the guest of the defendant. The jury rendered a verdict in favor of the plaintiff and the defendant has appealed from the denial of his motion to set that verdict aside. As the accident happened in Massachusetts, the law of that State governs as far as the substantive elements necessary to a recovery are concerned. *James* v. *Von Schuckman,* 115 Conn. 490, 493, 162 Atl. 3. By that law, in the absence of a claim of wanton or reckless misconduct, a guest in an automobile can recover for injuries due to its operation only upon proof that the operator was guilty of gross negligence. *Manning* v. *Simpson,* 261 Mass. 494, 495, 159 N. E. 440. Gross negligence was defined by Rugg, C. J., in *Altman* v. *Aronson,* 231 Mass. 588, 591, 121 N. E. 505, as follows: "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. . . . It is an act or omission respecting a legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negli-

gence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations as far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. . . . But it is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence. . . . It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong." If gross negligence as so defined differs from the heedless and reckless misconduct which it is necessary to prove under our statue defining the right of a guest in an automobile to recover for an injury due to its operation, the Massachusetts rule permits a recovery upon proof of a lesser degree of misconduct. *Isaacson* v. *Boston, W. & N. Y. St. R. Co.,* 278 Mass. 378, 387, 180 N. E. 118. Whether the operator is guilty of gross negligence ordinarily presents an issue of fact and a verdict for the plaintiff must stand if the jury might reasonably reach it upon the evidence. *Manning* v. *Simpson, supra; Coner* v. *Chittenden,* 116 Conn. 78, 82, 163 Atl. 472.

The jury might reasonably have found the following facts: The plaintiff and defendant were returning from a trip into New York State and were proceeding in a southerly direction from Pittsfield toward Winsted in the town of Otis. A short distance before the accident, the character of the roadway changed to a macadam with a rather smooth surface and this change could be readily seen by the driver of an automobile. It

was raining and misty at the time of the accident and the road was slippery. The automobile was coming down an incline toward a thirty degree curve which was visible for a considerable distance before it was reached. The vision of the driver was somewhat obscured by the curve, trees on its inner side, and a rising incline beyond. At the beginning of the curve an unimproved highway led off to the west. The automobile had been proceeding all the way from Pittsfield at a speed of from fifty-five to sixty miles an hour and did not slow down as it went through the village of Otis, despite a warning painted upon the surface of the highway to the north of the village instructing drivers to slow down to twenty miles an hour. As the automobile approached the curve it was going at sixty miles an hour. It was then proceeding upon its left side of the highway, cutting the curve. The plaintiff had, several times after leaving Pittsfield, warned the defendant as to his speed, and a little before the accident told him he had better slow down as they were approaching a curve, but the defendant continued at the same speed. As he came to the curve he applied his brakes slightly, the car skidded and turned around, the door on the side where the plaintiff was sitting opened and he was thrown out. The defendant knew before the accident that the catch to the door was somewhat defective, so that it would at times partially release the door, but it does not appear that the catch had ever before so released the door that it had opened of itself.

Upon these facts, the jury might reasonably have reached the conclusion that the defendant was guilty of gross negligence within the meaning of the rule established in Massachusetts. *Manning* v. *Simpson, supra; Learned* v. *Hawthorne,* 269 Mass. 554, 169 N. E. 557; *Dzura* v. *Phillips,* 275 Mass. 283, 175 N. E.

629. We do not consider the claim that the plaintiff had assumed the risk of injury from the manner in which the defendant was operating the car. Our rule is that assumption of risk must be specially pleaded; *French* v. *Mertz Co.*, 116 Conn. 18, 21, 163 Atl. 457; and that being a rule of procedure it applies to this action despite the fact that the accident happened in Massachusetts. *Medbury* v. *Hopkins,* 3 Conn. 472, 473; *Wood* v. *Watkinson,* 17 Conn. 500, 509; *Canton* v. *Middlebrook,* 50 Conn. 44, 45; *Judkins* v. *Union Mutual Fire Ins. Co.,* 37 N. H. 470, 478.

There is no error.

In this opinion the other judges concurred.