RUTH RYAN *vs.* BARTHOLOMEW J. SCANLON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided August 15th, 1933.

*Lawrence A. Howard* and *William J. Galvin, Jr.,* with whom, on the brief, was *Cyril Coleman,* for the appellant (defendant).

*Louis M. Schatz,* with whom was *Joseph B. Griffin,* for the appellee (plaintiff).

BANKS, J. The plaintiff received personal injuries while riding as a guest in an automobile driven by the defendant. The accident happened in Massachusetts, and the substantive elements necessary to a recovery are governed by the law of that State. *Slobodnjak* v. *Coyne,* 116 Conn. 545, 165 Atl. 681. By that law, in the absence of a claim of wanton or reckless misconduct, a guest in an automobile can recover for injuries due to its operation only upon proof that the operator was guilty of gross negligence. *Manning* v. *Simpson,* 261 Mass. 494, 495, 159 N. E. 440. The court charged the jury in the language of the Massachusetts court in *Altman* v. *Aronson,* 231 Mass. 588, 591, 121 N. E. 505, as follows: "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertance. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to an indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared to that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence." The plaintiff was the only eyewitness of the accident who testified as to the conduct of the defend-

ant prior to and at the time of the accident. The defendant, though present in court during the trial, did not take the witness stand. The court charged the jury that, if they were satisfied of the truth of the plaintiff's story in all its details, they would be justified in finding the defendant guilty of gross negligence under the Massachusetts rule. Conceding that the court's definition of gross negligence was an accurate statement under the Massachusetts decisions, the defendant contends that the conduct of the defendant, as a matter of law, did not constitute gross negligence as so defined, and that the court erred in charging the jury that they might so find, and in denying the defendant's motion to set aside the verdict in the plaintiff's favor.

The jury might reasonably have found the following facts: On February 20th, 1932, the plaintiff and Catherine Walsh were guests in a car driven by the defendant on a trip which they had planned to take from Hartford to Boston. They left Hartford about two-thirty in the afternoon and proceeded along the Stafford Springs highway. The weather was clear and the road was dry. The plaintiff and Miss Walsh sat in the back seat of the car and kept up a running conversation in which the defendant joined from time to time. As they passed through Union and were making a sharp turn in the road the car swerved severely. The defendant had his head down toward the running board, and the plaintiff called to him and asked what was the matter. He replied that he was all right. The plaintiff watched his driving for a few minutes and it seemed all right, and she paid no more attention to it. The car had crossed the Massachusetts line into Sturbridge and was near the foot of a long descending grade when it took a sudden spurt in its speed, left the traveled portion of the road, knocked

down four concrete highway fence posts, ran on about one hundred and twelve feet until it hit and scraped a tree, and ended up by pushing through a stone fence forty-three feet from the edge of the traveled highway, making an opening in it of ten to fifteen feet. The sudden increase in the speed of the car attracted the plaintiff's attention to the defendant, and she observed that he was in a relaxed position, with his head down and his chin on his chest not far from the steering wheel. She could not see his eyes but his lips were "pouted" and he seemed to be asleep.

If this accident was the result of the gross negligence of the defendant it was because he was operating the car when he knew or should have known of the likelihood that sleep would overtake him, and that he actually did fall asleep thereby causing the accident. Counsel for the defendant concede that if the evidence justifies these conclusions, both of which they say are essential to the plaintiff's case, the defendant could reasonably be held to be guilty of gross negligence under the Massachusetts decisions cited in their brief. *Shriear* v. *Feigelson,* 248 Mass. 432, 143 N. E. 307; *Blood* v. *Adams,* 269 Mass. 480, 169 N. E. 412. We have held that such conduct could reasonably be held to constitute reckless misconduct under our guest statute, which, if it differs from gross negligence as defined by the Massachusetts court, is of a more serious character. *Potz* v. *Williams,* 113 Conn. 278, 281, 155 Atl. 211; *Slobodnjak* v. *Coyne, supra,* p. 547. The contention of the defendant is that, upon the evidence produced by the plaintiff, which was substantially uncontradicted, the jury could not reasonably reach the conclusion either that the defendant was aware or should have been aware that sleep was likely to overtake him, or that he actually did fall asleep. If the jury believed the evidence of the plaintiff, as they

apparently did, they could reasonably reach the conclusion that the defendant had fallen asleep at the time that the car suddenly increased its speed and ran off the road. Her description of his relaxed position with his head bent forward over the steering wheel was that of a person overcome by drowsiness. It was within the province of the jury to find that she was correct in her conclusion that he had fallen asleep, which would account for his attitude, and for his complete failure to exercise any control over the car.

The evidence as to whether the defendant realized or ought to have realized the likelihood of sleep overtaking him is meager, being practically confined to the testimony of the plaintiff that when the car swerved sharply as they were rounding a curve in Union the defendant had his head down, and that when she spoke to him he sat up and said he was all right, and that it was "quite a few minutes after that" that they had the accident. Attention is called to the fact that in *Blood* v. *Adams, supra,* in which the facts were somewhat similar, the defendant admitted that he was sleepy and must have fallen asleep just before the accident. Here it appears that the defendant was present at the trial but did not testify. His failure to do so permits an inference that his evidence would not have supported his present claim, and such inference may be weighed with the entire evidence in the case. *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 Atl. 461. The jury could reasonably have concluded from the plaintiff's evidence that the defendant's attitude and conduct in Union was caused by drowsiness which a few minutes later overcame him, and that he should have realized that there was a likelihood of sleep overtaking him.

In determining whether the jury could reasonably

find the defendant guilty of gross negligence the same rules are to be applied as in the ordinary negligence action. If their conclusion is reasonable in the light of the evidence and the inferences they may properly draw, it must stand. *Potz* v. *Williams, supra; Coner* v. *Chittenden,* 116 Conn. 78, 163 Atl. 472; *Slobodnjak* v. *Coyne, supra.* The court did not err in denying the motion to set aside the verdict on the ground that it was against the evidence and the law of Massachusetts.

The defendant assigns as error the court's charge that the burden of proof of the plaintiff's contributory negligence rested upon the defendant. Such is the rule by statute in Massachusetts. Assuming that it is a procedural matter to be governed by the law of the forum, and that ordinarily in this State the burden is upon the plaintiff to establish his freedom from contributory negligence, the plaintiff contends that, since the defendant in his answer affirmatively alleged that the plaintiff was negligent, he cannot complain of the charge of the court that he assumed the affirmation of that issue. *Rix* v. *Stone,* 115 Conn. 658, 163 Atl. 258. Conceding that this would ordinarily be the rule, the defendant contends that it was not applicable here because of the unusual course of the pleadings. The complaint did not allege that the plaintiff was a gratuitous passenger in the defendant's car nor that the latter was guilty of gross negligence. The defendant filed a special defense in which it was alleged that the plaintiff was a gratuitous passenger, that the accident happened in Massachusetts, that under the law of that state the defendant was liable only for gross negligence, and that the plaintiff was guilty of contributory negligence. The allegations of the special defense were denied in the plaintiff's reply. Upon the trial, at the suggestion of the court, the

plaintiff amended the complaint by alleging that the defendant was guilty of gross negligence. The case was tried upon these pleadings, and the jury returned a plaintiff's verdict on March 9th, 1933. On March 21st the defendant filed a motion for permission to file a substituted answer confined to denials and admissions of the allegations of the complaint, which the court denied. The only apparent purpose of the proposed amendment was to so amend the pleadings twelve days after the verdict was rendered, that the burden of proof of contributory negligence would rest, contrary to the court's charge, upon the plaintiff instead of the defendant. It clearly was within the court's discretion to deny this motion, and the court did not err in its charge as to the burden of proof upon the pleadings as they stood when the case was tried. Moreover, it does not appear from the finding that any claim was made upon the trial that the plaintiff, who was a passenger in the rear seat of the automobile, was not in the exercise of due care.

The assignment that the court erred in charging the jury that, in their consideration of the question of damages, they would naturally start with the special damages—bills incurred and loss of wages—amounting to over $1500, is without merit, since it appears from the finding that the plaintiff offered proof of such special damages in the sum of $1511.59, and it does not appear that the amount or reasonableness of the bills incurred was questioned upon the trial, and the fact, if it be a fact, that some of the bills had not been paid, is immaterial. *Carangelo* v. *Nutmeg Farm, Inc.*, 115 Conn. 457, 462, 162 Atl. 4.

The jury brought in a verdict of $2500 in favor of the plaintiff. The court asked the jury to reconsider its verdict, stating that, if they found liability, in its opinion, with special damages of over $1500 which

were not disputed and the general damages which had been testified to, the verdict was inadequate. The jury later returned with a verdict for $4500 which the court accepted. Under General Statutes, § 5657, the court may return the jury to a second and a third consideration of a case if it judges from the verdict returned that they have mistaken the evidence and brought in a verdict contrary to it, or contrary to the direction of the court in a matter of law. It is proper for the court to inform the jury why they are so returned, and, in the absence of erroneous instructions to the jury in returning them, its action will not be reviewed by this court, especially when it appears that the verdict finally accepted is not, by reason of the change made, contrary to the law or the evidence. *Daniels* v. *Grand 5, 10 and 25-Cent Stores, Inc.*, 99 Conn. 415, 416, 121 Atl. 804; *Black* v. *Griggs*, 74 Conn. 582, 584, 51 Atl. 523. There was nothing erroneous in the remarks of the court when it asked the jury to reconsider its verdict. It merely stated that in its opinion, if the plaintiff was entitled to recover, $2500 was inadequate damages. If the jury persisted in their conclusion that it was adequate there was nothing in the instructions of the court to prevent them from bringing in another verdict for the same amount. *King* v. *Haynes*, 114 Conn. 396, 398, 158 Atl. 915. Indeed, the court suggested this, stating that if they wanted to stand by those figures all they had to do was to come back and render the same verdict, and added that it was a matter within their control and not that of the court.

Under the statute the exercise of the power to return the jury is not conditioned upon a conclusion by the trial court that the verdict is so unreasonable that if accepted it would have to be set aside as against the evidence. *State* v. *Candido*, 93 Conn. 242,

244, 105 Atl. 442; *Black* v. *Griggs,* and *Daniels* v. *Grand 5, 10 and 25-Cent Stores, Inc., supra.*

The other assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.