ROCCO MARINI *v*. WILLIAM V. WYNN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 1—decided May 8, 1941.

*Walter E. Monagan* and *John S. Monagan,* for the appellant (defendant).

*Michael A. Ciano,* with whom, on the brief, was
*Edward Mascolo,* for the appellee (plaintiff).

BROWN, J. The defendant moved to set aside the
verdict for the plaintiff, basing his claim upon the con-
tentions that as a matter of law there was no negli-
gence upon his part and that the plaintiff was con-
tributorily negligent. The plaintiff at about 8 p.m. on
October 2, 1939, while proceeding northerly across East
Main Street in Waterbury, at a point near the center
of the highway was struck and seriously injured by
the right front part of the defendant's car which he was
driving easterly. East Main Street is fifty-five feet
wide at this place and is intersected on the south by
Hayden Street. A crosswalk designated by painted
parallel lines extends from the southeasterly corner to
the north curb of East Main Street. At a point about
two hundred and seventy feet to the west at the inter-
section of Cherry Street is a traffic light. The jury
might reasonably have found the following facts: The
plaintiff carried a light colored overcoat on his left arm.
It was getting dark but one could see fairly well. Be-
fore stepping off the sidewalk at the southeast corner
of the intersection he looked to his left and saw that
the traffic light at Cherry Street showed red, halting
east and west bound traffic, and that no car was coming
from his left. He then started walking across within
the lines of the crosswalk, and looking both ways saw
no car coming from his left. He did observe two cars
coming from his right and stopped at about the center
of the highway allowing them to pass in front of him.
He had stood for several seconds watching these cars
when he was struck from behind by the defendant's car
proceeding easterly. When it had been brought to a
stop with its front wheels at or near the easterly line
of the crosswalk, its front bumper bar was in contact

with the plaintiff's body, which lay on the pavement before it. Just prior to the impact the defendant was driving with headlights lighted at a speed of from fifteen to twenty miles per hour, following a short distance behind another car, and he neither changed his course, reduced his speed, nor saw the plaintiff until after his car had struck him.

Upon a finding of these facts it is manifest that whatever may be true of the other grounds of negligence alleged, whether the defendant was negligent in failing to keep a proper lookout under the circumstances presented a question of fact for the jury's determination under the familiar rule established in *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 250, 21 Atl. 675, and since followed in numerous adjudications. Clearly his failure to discover the presence of the plaintiff under these circumstances was not conduct so "plainly and palpably" like that of a reasonably prudent man, as to warrant the conclusion that as a matter of law he was not negligent within the rule of the *Farrell* case. Nor can it be said that the plaintiff's conduct was so manifestly contrary to that of a reasonably prudent man as to constitute contributory negligence as a matter of law within that rule. *Skovronski* v. *Genovese*, 124 Conn. 482, 484, 485, 200 Atl. 575; *Nevulis* v. *Wentland*, 124 Conn. 116, 119, 197 Atl. 883. Thus under similar circumstances we have expressly held that a pedestrian's conduct in proceeding to a point near the center of the highway and awaiting an opportunity to cross the other half in safety, cannot be regarded in itself as necessarily a negligent exposure to danger or make him guilty of contributory negligence as a matter of law. *Barbieri* v. *Pandiscio*, 116 Conn. 48, 51; 163 Atl. 469. Whether the plaintiff was contributorily negligent was a question of fact for the jury, and the burden of proving it under the pleadings

rested upon the defendant. General Statutes, Cum. Sup. 1939, § 1399e. Since there was evidence reasonably supporting the jury's finding of negligence by the defendant in failing to keep a proper lookout which was a proximate cause of the accident, and that the plaintiff was free from contributory negligence, the court properly denied the defendant's motion to set aside the verdict. To have permitted its original contrary ruling to stand would have been error. Accordingly in reversing it during the same term of court as it did, it in no sense illegally prejudiced the rights of the defendant. *Ferguson* v. *Sabo,* 115 Conn. 619, 621, 162 Atl. 844.

The plaintiff claimed to have proved that he sustained very serious injuries, that his special damages to the time of trial amounted to $5098.27, that he would probably suffer a further loss of wages of $1500, and that he would never be able to resume his employment as a hod carrier. The jury returned a plaintiff's verdict for $6625 and the court sent them back for further consideration of the case, pointing out that if they believed the plaintiff's evidence concerning special damages it felt an inadequate amount had been allowed for pain and suffering as general damages. The court further observed that while the jury may not have accepted the plaintiff's evidence as to the amount of his special damage and so their verdict may have included adequate compensation for his general damages, it desired them to consider further the question of the amount of their verdict. The court clearly charged, however, that whether they should change the amount or adhere to the verdict as rendered was a question for their determination solely. Subsequently the jury returned a plaintiff's verdict for $10,000 which the court accepted. The court was fully warranted in refusing to accept the verdict as originally rendered

and in returning the jury for further consideration. General Statutes, § 5657; *Ryan* v. *Scanlon,* 117 Conn. 428, 436, 168 Atl. 17. The court's original charge is not included in the record, and no claim is made that it failed to sufficiently instruct the jury of their right to return a verdict for the defendant. The court could properly assume from the first verdict that the jury had finally settled the issue of the defendant's liability, and confine its instructions solely to the question of the adequacy of the damages awarded. *Black* v. *Griggs,* 74 Conn. 582, 585, 51 Atl. 523.

There is no error.

In this opinion the other judges concurred.