DOROTHY WAITE *v.* THE KRUG BAKING COMPANY OF NEW YORK, INC., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 102521

Memorandum filed November 8, 1957.

*George A. Saden,* of Bridgeport, for the plaintiff.

*Reilly & Reilly,* of New Haven, for the defendant Testa.

*Keogh & Candee,* of South Norwalk, for the defendants Krug Baking Company et al.

TROLAND, J. The plaintiff, a resident of Danbury, Connecticut, seeks damages from the named defendant, a New York corporation, for personal injuries she claims she received in a collision between the automobile in which she was a passenger and the defendant's truck on a public highway of the town of Copake, New York.

Defendant has demurred to the complaint on the ground that, although the collision occurred in New York state and there is a rule in that state with reference to contributory negligence in such cases, there is no allegation in the complaint that the plaintiff was free from contributory negligence. It is clear that in New York in a personal injury case, proof of freedom from contributory negligence must be forthcoming for the plaintiff to recover in an action based upon the negligence of a defendant. Examination of many New York decisions, however, establishes that in said state the rule governing proof of freedom from contributory negligence is a matter of procedure. *Wright* v. *Palmison,* 237 App. Div. 22; *Sachkeim* v. *Pigueron,* 215 N.Y. 62; *Fitzpatrick* v. *International Ry. Co.,* 252 N.Y. 127, 134; *Clark* v. *Harnischfeger Sales Corporation,* 238 App. Div. 493.

The method of establishing contributory negligence is a question of procedure and is for the forum. 2 Beale, Conflict of Laws, p. 1300; Restate-

ment, Conflict of Laws, § 592; see New York cases cited above. Connecticut cases supporting the rule that matters of procedure are to be determined by the lex fori include *Commonwealth Fuel Co.* v. *McNeil*, 103 Conn. 390, 405; *Toletti* v. *Bidizcki*, 118 Conn. 531, 537; and *Slobodnjak* v. *Coyne*, 116 Conn. 545, 549.

A statute in Connecticut (§ 7836) raises a presumption of due care in favor of the plaintiff and shifts the burden of proof. This statute is procedural in character and does not affect substantive rights. *Toletti* v. *Bidizcki*, supra.

Despite the fact the accident in this case happened in New York, and the rule of procedure there, the Connecticut rule applies in the action here, and the plaintiff is not required to plead her freedom from contributory negligence.

The demurrer is overruled.