## Thomas Towhill et al. *v.* John Kane

Baldwin, C. J., King, Murphy, Mellitz and Shea, Js.

Argued January 7—decided February 3, 1960

*William R. Davis,* for the appellant (named plaintiff).

*Joseph G. Lynch,* for the appellee (defendant).

KING, J.   The plaintiff Thomas Towhill was the owner and operator of an automobile in which the plaintiff Catherine Towhill and the minor plaintiff Kathleen Towhill were passengers.   The car had just been backed out of a driveway on the south side of Cambridge Drive in East Hartford when it was struck, on the north side of the street, by the defendant's car, approaching from the east.   The evidence as to the precise angle of the Towhill car at the time of the impact was conflicting, although it was headed in a general westerly direction.

The jury returned a verdict, on a single form, in favor of each plaintiff, the largest being in favor of the plaintiff operator.   The court, after inspection, returned the jury to consider whether "the amount is excessively liberal."   While the record lacks clarity, the jury were apparently supplied with new verdict forms to be used in the event that they decided to make any changes.   After further deliberation, the jury returned new verdicts, also on a single form.   Two of these were identical with the first verdicts.   The third was in favor of the defendant as against the plaintiff operator.   The three new verdicts were accepted and ordered recorded.   The plaintiff operator appealed.

The sole exceptions taken were (a) to the comment of the court, when returning the jury, suggest-

ing that the amount might be excessive and (b) to its action in not accepting the original verdicts and ordering them recorded, even if they were excessive, and disposing of the matter later by ordering, if necessary, a remittitur.

These exceptions did not call the court's attention to any ambiguity in failing to inform the jury which verdict or verdicts they were to reconsider. Nor did counsel voice any objection to the failure of the court, before it instructed the jury to reconsider, to have the verdicts read by the clerk and assented to by the foreman, in accordance with the practice approved in *Gillette* v. *Schroeder,* 133 Conn. 682, 685, 54 A.2d 498, and *Ferris* v. *Hotel Pick Arms, Inc.,* 147 Conn. 72, 74, 157 A.2d 166, and cases cited.

The purpose of the rule (Practice Book § 153) requiring that exceptions to a charge be taken "immediately after the charge is delivered" and that in taking an exception counsel "shall state distinctly the matter objected to and the ground of objection" is to alert the court to any claims of error while there is still an opportunity for correction, thereby avoiding the economic waste and increased court congestion caused by unnecessary retrials. The same purpose is the basis of our rule of practice requiring that timely objection be made to such action of the court as that here challenged, namely, failing to have the original verdicts read before returning the jury for reconsideration. See *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 712, 156 A.2d 146, and cases cited. The plaintiff operator took no exception which raises any claim of error now addressed to the court's charge. Nor did he object to the court's procedure in returning the jury for reconsideration. On the contrary, he in effect indicated to the court that, other than in the two respects he specifically

pointed out, he acquiesced in the court's action, including the giving of the supplemental charge. It follows that the claims of error are not properly before us. Ibid.; Practice Book § 153.

There was ample support in the evidence for a conclusion by the jury that the plaintiff operator was chargeable with contributory negligence. Such a conclusion would of course require a defendant's verdict as to him, and there is no merit in the claim of error based on the court's refusal to set aside the verdict as to him. Nor is there merit in the claim that the jury, upon reconsideration, were powerless to change their verdicts on the issue of liability. See *Ryan* v. *Scanlon,* 117 Conn. 428, 435, 168 A. 17; *Marini* v. *Wynn,* 128 Conn. 53, 57, 20 A.2d 400. Also without merit is the claim that the court had to accept the original verdicts without returning the jury for reconsideration. General Statutes § 52-223; *Gillette* v. *Schroeder,* supra, 686.

There is no error.

In this opinion the other judges concurred.