W. K. ROBINSON, INC. *v.* DONALD E. FRIEDRICH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 16-623-1133

Argued May 6—decided July 12, 1963

*David L. Gussak,* with whom, on the brief, was *I. Albert Lehrer,* both of West Hartford, for the appellant (plaintiff).

*Allen J. Segal,* of Plainville, for the appellee (defendant).

PRUYN, J. The plaintiff, engaged in the business of selling fuel oil at retail and servicing oil burners in Hartford County, and the defendant, a truck driver in its employ, on March 26, 1959, entered into an agreement whereby the plaintiff agreed to send the defendant to Boston for schooling and training in the servicing of oil burners and to pay his tuition and expenses as well as his regular wages while in Boston, and the defendant agreed that immediately on completing the prescribed course in Boston he would return to work for the plaintiff as an oil burner salesman and would not accept employment with a competing oil company in Hartford County prior to January 1, 1964. The defendant did attend the school in Boston for the prescribed period and on completion thereof did return to the employ of the plaintiff as an oil burner serviceman at an increase in hourly wages from $1.64 to $1.74. The plaintiff paid the defendant's tuition, expenses and wages while he was in Boston, totaling $705. The defendant remained in the plaintiff's employ until the middle of December, 1961. The evidence was conflicting as to whether he then left the plaintiff's employ voluntarily or was discharged. He thereupon obtained employment as an oil burner serviceman first with a competing oil firm in Hartford County and later in the same capacity with another similar firm in Hartford County. At the trial, it was conceded that he had not brought or attempted to bring with him any of the plaintiff's customers,

that he had not divulged any of its trade secrets or practices and that the plaintiff's income had not been impaired. At the trial, the plaintiff abandoned its claim for an injunction and limited itself solely to a claim for damages of $705, the sum expended by it on the defendant's behalf while the defendant was in Boston. The jury rendered a verdict for the plaintiff for $1 damages.

The plaintiff moved to set aside the verdict on the sole ground of inadequacy. The motion was denied. The plaintiff has appealed. No appeal was taken by the defendant. The plaintiff has assigned error in certain actions of the court on receipt of a question from the jury during their deliberations, in the failure of the court to charge the jury in respect to nominal damages and in its denial of the plaintiff's motion to set aside the verdict as inadequate.

In its charge to the jury, the court clearly expounded the law relating to damages, incorporating therein in substance those of the plaintiff's requests to charge which related to damages, and then specifically instructed the jury that under the claims of proof the plaintiff could not recover the full amount of $705, since the defendant after his schooling did return and work for the plaintiff for about two and a half years, but that if the jury's verdict was to be for the plaintiff, damages could be allowed for the remaining two years of the contract in such amount as the jury might consider to be fair and just. The plaintiff did not take any exceptions to the charge.

During the deliberations of the jury, the bailiff handed to the presiding judge in his chambers a note from the foreman of the jury inquiring whether the court would accept a verdict for $1. The attorneys for the respective parties were then summoned to the judge's chambers and were told by the

judge that he interpreted the note as indicating that the jury had found a valid restrictive covenant and that the defendant had breached it, but that the plaintiff had failed to prove damages, and that he was going to answer the question in the affirmative. During the informal discussion which followed, counsel for the plaintiff expressed disappointment that no damages were being awarded and counsel for the defendant expressed disappointment that the plaintiff was being awarded a verdict at all. The presiding judge then directed the bailiff to return the note to the foreman with his answer of "yes." When court resumed after this discussion in the chambers, the question was repeated in open court in different language, "May the jury render a verdict for the plaintiff for $1.00?" and an affirmative answer was given to the jury by the court. The jury then retired and shortly thereafter brought in their verdict for the plaintiff for $1.

The plaintiff claims error in the court's answering the jury's question in chambers and its failure then to instruct the jury on the subject of nominal damages. The record is barren of any objection to the proceedings of the trial judge in chambers or later in court or any exceptions whatever to them. When the question and answer were repeated in open court, they became a part of the charge; *Black v. Griggs,* 74 Conn. 582, 584; Maltbie, Conn. App. Proc. § 105; and required an exception for a review on appeal. Maltbie, op. cit. § 112. Although this court has no specific rule, as does the Superior Court (Practice Book, 1951, § 153), providing for exceptions to the charge in order to raise claimed errors therein on appeal, this requirement is made applicable to the Circuit Court by Circuit Court Rule 1.1. Furthermore, it is so well settled in our appellate procedure that we must follow it in this court, especially in view of the reason therefor,

namely, "to alert the court to any claims of error while there is still an opportunity for correction, thereby avoiding the economic waste and increased court congestion caused by unnecessary retrials." *Towhill* v. *Kane,* 147 Conn. 191, 193. Likewise, claims of any defects or irregularities in procedure cannot be raised in the absence of an objection thereto. Practice Book, 1951, § 409; Cir. Ct. Rule 7.51.1; *Towhill* v. *Kane,* supra; *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 712. Accordingly, the plaintiff's claims of error in these respects are not properly before us.

The remaining question concerns the denial by the trial court of the plaintiff's motion to set aside the verdict because the award of damages of $1 was inadequate. In acting on such a motion, the trial court has a broad legal discretion, and its ruling will not be disturbed on appeal unless its discretion has been clearly abused. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 575. It is not enough that an appellate court might reach a different result on the same evidence; its only function is to determine whether the trial court on the evidence could legally act as it did. The trial court "can sense the atmosphere of a trial and can apprehend far better than we can . . . what factors, if any, could have improperly influenced the jury." *Pischitto* v. *Waldron,* 147 Conn. 171, 175. The nub of the matter is "whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *McKirdy* v. *Cascio,* 142 Conn. 80, 86. In the instant case, the jury's verdict for the plaintiff, on conflicting evidence, established the fact that there was a valid restrictive covenant and that the defendant left the plaintiff's employ without cause, thereby breaking the contract. The plaintiff was accordingly en-

titled to damages but was limited to the $705 it expended for the defendant's schooling. While under the court's charge the jury might have allocated a portion of that sum as damages for the two remaining years which the defendant agreed to work for the plaintiff, it could very well have come to the conclusion that, in the language of the trial court, "the plaintiff was sufficiently compensated for its expenditure of that sum in that the defendant did work for the plaintiff's company as a serviceman for two and one-half years at wages only a little more than those received by him as a truck driver." We cannot say that the sense of justice is shocked.

There is no error.

In this opinion JACOBS and KOSICKI, Js., concurred.