STATE OF CONNECTICUT *v.* WILLIAM J. PALADINE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 5-3995

Argued December 9, 1963—decided February 26, 1964

*Morris Y. Brown,* of Shelton, for the appellant (defendant).

*George J. Jaser,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with the sale of liquor to a minor, in violation of § 30-86 of the General Statutes. Upon a trial to the jury he was found guilty and has appealed, assigning as error the admission of certain evidence and the denial of his motion to dismiss the information.

The claim that the court erred in denying the defendant's motion to dismiss the information will not be considered, since the denial of such a motion is not properly assignable as error. *State* v. *Smith,* 149 Conn. 487, 489; Maltbie, Conn. App. Proc. § 212.

The assignment of error relating to the admission of evidence fails to conform to our rules, which require each such assignment to be numbered and to refer to an exhibit which shall set forth the question, the objection, the answer, if any, and the exception. Practice Book, 1963, §§ 1006 (4), 989 (4). It is improper to treat the transcript as an exhibit and merely refer by page numbers to certain pages of it. Our action in examining the transcript is not to be construed as an approval of the defective procedure pursued on the appeal.

The defendant claims that the court erred in allowing as state's exhibits an empty bottle of Thunderbird wine, five empty beer cans and an empty beer carton, without sufficient identification. From the transcript it is clear that the state's witness positively identified each exhibit as having been purchased from the defendant. Although the witness had discarded the exhibits on his father's land after consuming the contents, he readily pointed them out to the state trooper the next day. The exhibits remained in the possession of the trooper up to the day of the trial. It is enough if the object offered in evidence has been reasonably identified, as that sought to be proved, by someone who can testify from his own knowledge that the object offered is the one claimed to have been bought. *Gallagher* v. *Pequot Spring Water Co.*, 2 Conn. Cir. Ct. 354, 360; 2 Wharton, Criminal Evidence (12th Ed.) § 675. The court did not err in admitting the exhibits.

The defendant also assigns as error that seven empty beer cans were on the counsel table and were not made exhibits. When the state finished with its last witness, the court stated: "I might point out to you certain objects which are on the table have not been placed in evidence. Those that are not in evi-

dence, will you remove them? You can put those back in the bag, that is present here." The defense attorney then stated: "I might want to use them on cross-examination, if your Honor please." The empty beer cans were placed in the bag. This assignment of error need not be considered, since it was not raised at the trial. *Towhill v. Kane,* 147 Conn. 191, 193. The defense attorney's remark indicated that he had no objection, and the presence of the empty beer cans could not have prejudiced his client. No objections were made to the charge, nor do we have it before us, so we must assume the court instructed the jury properly upon all the issues raised during the course of the trial.

There is no error.

In this opinion JACOBS and LEVINE, Js., concurred.