*June, 1810.*

RUSSELL
*v.*
BRADLEY.

---

MATTHEW T. RUSSELL *against* ARBA BRADLEY, JACOB EGGLESTONE AND ALEXANDER MANN.

MOTION for a new trial.

This was an action on the case for overflowing a pasture lot of the plaintiff's in the town of *Middletown,* from them, and a verdict brought in, on the question of accepting the verdict, connected with the evidence exhibited on the trial, will not furnish ground on which a motion for a new trial can be supported.

The observations of the judges to the jury, after a cause has been committed to

June, 1810. the 6th day of *August*, 1806, to the commencement of the
action, in *March*, 1808.

RUSSELL
v.
BRADLEY.

The defendants pleaded the general issue; and on the trial, the plaintiff, to establish his title to the premises, produced in evidence sundry ancient votes and proceedings of the town of *Middletown;* also sundry subsequent deeds and other matters relative to title. The defendants, on their part, exhibited in evidence sundry deeds, establishing their title to a mill-place adjacent to the plaintiff's pasture, with the right of overflowing the land as high as a highway on the opposite side of said pasture would admit of; they also adduced testimony tending to show, that from time as far back as the memory of aged men can reach, even before the year 1755, there had been a saw-mill and dam erected at said mill-place, and that the saw-mill was generally in use in the winter, spring and autumn, and sometimes in the summer; and that the plaintiff's pasture had been overflowed during all said period, as high as at the present, though not constantly in the summer; and that the water set up on part of said highway as it at present does, and had been permitted so to do for more than fifty years. And the defendants contended that they had established their right by virtue of said deeds, as well as by a quiet and uninterrupted practice and possession for many years.

The jury, having had the cause committed to them, retired, and afterwards brought in a verdict for he defendants. The court did not accept the verdict, but returned the jury to a second consideration, for the following reasons: The plaintiff claimed the pasture by grant and possession; and the defendants the mill-place and right of overflowing, by grant and possession also. It appeared from the evidence, that they both claimed to have rights by grant, which they had used without de-

fining them particularly by practice. The usage had been such that neither party appeared to have gained any thing against the other by possession. The plaintiff had enjoyed his pasture generally in its season; and the defendants overflowed a considerable portion of the land in autumn, winter and spring; but it did not appear in evidence that either had had so constant, uninterrupted, exclusive and adverse a possession as was necessary to gain a title against the other. Their respective rights, therefore, depended on the construction of the original and subsequent grants. These did not include the whole of the plaintiff's pasture, particularly a part at the south end of it. The defendants had no right to flow beyond what was allowed by the original grant from the town, provided they had obtained no title by usage; and the terms of that grant did not admit of the defendants' flowing at all *upon* the highway, but only *to the line* of the highway.

From the testimony it was apparent, that howsoever the overflowing might have been in other years, the land owned by the plaintiff was, in the summer of 1807, more overflowed than it had been before or since; and that the defendants' mill-dam was several inches higher than it ever was before, or has been since; and, therefore, the plaintiff was, at any rate, entitled to a verdict for that year.

The jury, having been thus instructed, afterwards returned a verdict for the plaintiff, which was accepted. the defendants then moved for a new trial; and in their motion recited at large all the written evidence, and stated the substance of the parol evidence, which had been adduced on the trial. The court reserved the question for the consideration of the nine judges, with

June, 1810.

RUSSELL
v.
BRADLEY.

June, 1810. stay of execution.   The case now came on to be argued

RUSSELL    by
v.
BRADLEY.

    *Hosmer*, in support of the motion, and *Dana* and *Daggett*, contra ; when

    *The Court* interrupted the counsel, and dismissed the motion, on the ground that a motion for a new trial cannot be brought up under these circumstances.   If a party wishes for the direction of the court to the jury on any point of law arising in the course of the trial, he may pray the court to give such direction, and if the court omit so to do, he may move for a new trial on that ground.    But after a cause has been committed to the jury, and a verdict returned, the observations of the judges on the question of acceptance,(*a*) which go to the weight of the evidence as well as to the points of law, and generally to a combined view of both, will not furnish a ground for a new trial.

Motion dismissed.

    (*a*) As the practice of our courts in returning a jury to a second and third consideration is unknown to the common law, the clause of the statute on which that practice is founded is subjoined for the information of readers in other states.   " That the judges of the court shall have liberty, if they judge the jury have not attended to the evidence given in, and the true issue of the case, in their verdict, to cause them to return to a second consideration of the case, and shall, for the like reason, have power to return them to a third consideration, and no more."   *Stat. Conn.* tit. 6. c. 1. s. 11-