HERBERT P. WHEELER *vs.* FRANK L. THOMAS.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

In an action to recover the balance of an account, the parties were at issue as to whether the defendant had verbally assigned and the plaintiff accepted a valid claim the defendant had against one *X*, in satisfaction of the account in suit. *Held* that *X*, who was called as a witness by the defendant, was properly allowed, on cross-examination, to give his recollection of the details of the conversation between himself and the plaintiff, when questioned by the latter concerning his alleged indebtedness to the defendant and the assignment of such debt to the plaintiff.

In reply to a question as to what the plaintiff said in such conversation, *X* replied that "he led me to infer" etc. *Held* that while this answer was erroneous in point of form, it was within the discretion of the trial court to allow it to stand, under the circumstances disclosed by the finding; and moreover could have done the defendant no possible harm.

On his direct examination the defendant was asked if the present action was brought without any demand upon or notice to him. On objection the question was excluded. *Held* no error.

The plaintiff was permitted to testify that subsequent to the alleged assignment to him of the *X* claim, he gave a written order on the defendant to one *S* for a portion of the claim in suit, and that this order was returned to him unpaid; that he afterwards saw the defendant and inquired why he had not paid the order, and that the defendant said

he thought he had paid it. *Held* that this evidence was admissible as tending to prove that the defendant had not paid the plaintiff by an assignment to him of the *X* claim.

The defendant, on his cross-examination, was asked if he had not heard *X* testify that he never owed him, the defendant, anything. *Held* that such question was not objectionable as requiring the witness to give a statement of *X's* testimony, or put an interpretation upon it.

The defendant offered to show that *X*, since testifying that he was not indebted to the defendant, had made a contrary statement out of court. Upon objection the court excluded the evidence. *Held* that this ruling was proper, as the statement was hearsay and not admissible to prove the real state of the account between *X* and the defendant; and could not be used for the purpose of discrediting the defendant's own witness. While a party may show that a fact to which one of his own witnesses has testified is different from that stated by him, the rule is very strict that a party cannot directly discredit his own witness.

A trial judge may properly make fair and reasonable comments on the testimony, in his charge to the jury, and also instruct them that it is their duty to try to agree upon a verdict.

An objectionable remark of the trial judge to the jury should be read in connection with the context; and if not misleading or improper when so construed, will not be regarded as ground for a new trial.

[Argued April 21st—decided June 5th, 1896.]

ACTION to recover the balance of an account claimed to be due on a building contract, brought to the Court of Common Pleas in New Haven County and tried to the jury, before *Hotchkiss, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

In view of the length of the record and the unimportance of many of the questions therein raised, it is unnecessary to reproduce it here. The principal rulings passed upon by the court will be readily understood from the headnote in connection with the statement contained in the opinion.

*Charles S. Hamilton*, for the appellant (defendant).

*George A. Tyler*, for the appellee (plaintiff).

ANDREWS, C. J. The complaint in this action claimed to recover the balance due on a contract. The answer admitted the contract and the balance as stated in the complaint,

but alleged an accord and satisfaction, viz, that one Wallace W. Ward was on the 16th day of May, 1890, indebted to the defendant in a greater sum than the amount due on said contract, which debt the defendant on said day assigned to the plaintiff, and the plaintiff accepted the same in full payment and satisfaction of the balance due on said contract. This assignment and acceptance the plaintiff denied. There was a trial to the jury upon the issue so formed and the plaintiff had a verdict. The defendant has appealed.

It appears that the only witness before the jury, other than the parties themselves, was the said Ward, who was called by the defendant. The court finds that since the suit was brought, Mr. Ward had had a serious illness, had suffered a paralytic shock, and that his mind and memory were very greatly impaired.

There are ten reasons of appeal. Nine are from rulings in respect to the admission of evidence. And of these, the decision of the court upon the first, fourth, fifth, sixth and eighth, are so clearly correct that no comment is necessary.

The second and third reasons really present but one error. There was an error in point of form in the answer given by the witness Ward; but under the circumstances disclosed in the case it was within the discretion of the judge to allow the answer to stand. Besides, no possible harm could have been done to the defendant.

The seventh reason is that the judge erred in admitting certain testimony of the plaintiff concerning an order given by him upon the defendant to The J. Gibbs Smith Company. The evidence was admissible, because it tended to show that at that time the defendant made no claim that he had paid the plaintiff the balance due on the contract, by an assignment to him of the Ward debt. The evidence showed conduct by the defendant inconsistent with the claim he was making in court.

The ninth reason of appeal was this: The defendant had called Mr. Ward as a witness and he had testified to the state of the account between himself and the defendant. The defendant sought to show that Mr. Ward had, since

giving his testimony, made a statement out of court respecting that account entirely contrary to the testimony he had given. This was ruled out, and we think, properly. The evidence of what Mr. Ward had said out of court was offered to show the real state of the account between himself and the defendant. For that purpose it was not admissible. As to that fact it was hearsay. It was admissible, if at all, only for the purpose of discrediting Mr. Ward as a witness. The rule is very strict that a party may not directly discredit his own witness; although he may show a fact to which the witness has testified to be different from what the witness has stated.

The tenth reason is that the judge erred in various particulars in his charge to the jury. So far as these relate to comments on the testimony, they were fully warranted by many decisions of the court. *Setchel* v. *Keigwin*, 57 Conn., 473, and the cases there cited. *Butte Hardware Co.* v. *Wallace*, 59 Conn., 336.

It is strenuously argued that the judge misinstructed the jury in saying to them that there was no evidence that Ward knew that he owed the defendant the $319. The remark, taken by itself, would seem to be somewhat objectionable; but when read in connection with what the judge said before and after, it means that there was no evidence coming from Mr. Ward, who had been called as a witness before them by the defendant, that he knew that he owed the defendant the sum named. Read in this way the remark was perfectly proper. *Collins* v. *Richmond Stove Co.*, 60 Conn., 356. The advice to the jury that it was their duty to try to agree, was not erroneous. *State* v. *Smith*, 49 Conn., 376.

There is no error.

In this opinion the other judges concurred.