SAMUEL C. DOTY *vs.* FREDERICK M. SMITH ET AL.

First Judicial District, Hartford, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

It is the duty of a jury to agree upon a verdict if an agreement can be reached without a sacrifice of conscientious convictions.
The method or manner of impressing this duty upon a jury rests largely in the discretion of the trial judge, whose observations accompanying a correct statement of the rule can rarely afford ground for a retrial.

Argued October 1st—decided October 22d, 1907.

Doty v. Smith.

ACTION by a real-estate broker to recover his commission for effecting a sale, brought to the Superior Court in Hartford County and tried to the jury before *George W. Wheeler, J.*; verdict and judgment for the plaintiff for $1,415 damages, and appeal by the defendants. *No error.*

The jury reported a disagreement after they had considered the case for between two and three hours. In directing them to consider the case further, the judge used the following language: " I cannot agree, gentlemen, that it is a proper time to cease attempting to get a verdict in this case. I don't see how these parties could present any more evidence to another jury, or how another jury would be in any better position to reach a verdict than you are. I don't believe the ends of justice will be served, gentlemen, by discharging you at this point. And I confess I have another feeling, too, that is, I have been here for two months and a half, somewhat over, and you and the other jury that preceded you not once have disagreed in that time. Now, it is a somewhat notable record, I don't want it broken, and I think, perhaps, you will pardon my feeling in that particular, and share somewhat my pride in that matter, and consider that matter somewhat in going over this matter again, taking it up in fairness, carefully, patiently, and with due consideration for each other's judgments and opinions, and see, gentlemen, if you cannot reach a verdict without sacrificing your conscientious convictions. I feel sure that you will do your utmost in this case to reach a verdict. You may retire, gentlemen, and consider the case."

The jury thereupon retired, and having further considered the case for an hour or more returned a verdict in favor of the plaintiff, which verdict was accepted by the court and judgment rendered accordingly.

The appeal assigns error in the conduct of the court in using the language quoted; substantially on the ground that the court referred to facts not in evidence, and in effect instructed each juror to come to an agreement with

the other jurors and join in a verdict because of matters outside the law and the evidence.

*Joseph L. Barbour* and *Charles A. Safford*, for the appellants (defendants).

*Albert C. Bill* and *Edward L. Smith*, for the appellee (plaintiff).

PER CURIAM.  The rule which requires unanimity in the verdict of the jury necessarily involves a duty on the part of each juror to bring his own view of the weight of evidence as to the material facts in issue into accord with that of his fellow jurors, if he can do so consistently with his conscientious convictions.   In the beginnings of the modern jury trial the enforcement of this duty was sought through harsh coercive measures.   3 Black. Comm. 375. We have never in this State adopted all these coercive measures, but in their stead we authorize the trial judge, in the exercise of his discretion, to impress upon the jury the necessity of their coming to an agreement, and to require them to continue their deliberations so long as an agreement may seem reasonably possible and proper. *Clinton* v. *Howard*, 42 Conn. 294 ; *Wheeler* v. *Thomas*, 67 id. 577, 35 Atl. 499.   Even in a criminal case, where each juror must be convinced of the prisoner's guilt beyond a reasonable doubt, it has been held that the court ought not to instruct the jury that each juror " must not be governed, controlled or influenced by the judgment or opinions of others in agreeing to a verdict." *State* v. *Smith*, 49 Conn. 376, 386 ; *Commonwealth* v. *Tuey*, 8 Cush. (Mass.) 1.

Manifestly the trial judge did not intend by his remarks to the jury in returning them to a further consideration of the case, to say that a desire to make a good record, as an agreeing jury, or a regard for the feelings of the trial judge, or for his wish that the " notable " record of that and the previous jury should not be broken, would be a

sufficient reason to justify any juror in changing his vote as to the verdict to be rendered. We think the judge referred to the records of the previous juries, and to his pride in their work, only as reasons for not then discharging the jury, and for asking them to consider the case further, and that the jury must have so understood his remarks.

There is no error.