THE MIDDLETOWN TRUST COMPANY, GUARDIAN (ESTATE OF GENEVIEVE MICHALSKY) *vs.* ARMOUR AND COMPANY ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 4th—decided April 7th, 1937.

*Carlos Ellis, Jr.,* for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellees (defendants).

MALTBIE, C. J.  The plaintiff is the guardian of the estate of Genevieve Michalsky, a minor.  Upon the trial it offered evidence to prove the following facts: Early in the morning of May 31st, 1935, Miss Michalsky was riding northerly on Main Street in North Cromwell in the car of a state policeman, Wallace C. Nelson, on the way to her place of employment. Arriving opposite that place Nelson stopped his car on the east shoulder of the road.  Before the car stopped Miss Michalsky, who was riding in the front seat, had looked to the north and saw nothing approaching.  She alighted from the car and while standing on the shoulder of the road on the right side of the car she looked in both directions.  She saw nothing coming from the north but a bus approaching from

the south about two hundred feet distant. Passing to the rear of Nelson's car she proceeded diagonally across the roadway to the west and was struck by an automobile belonging to the defendant Armour & Company and driven by the defendant Williams in the course of his employment. This automobile was proceeding to the south on its right side of the center line of the highway at a speed of forty miles an hour. After Miss Michalsky had alighted from Nelson's car he closed its door and started forward. He had not gone more than twenty-five feet when he noticed the defendants' car approaching from a distance of about two hundred feet. When he had proceeded about one hundred feet he heard a screeching of brakes and looked back to see Miss Michalsky lying in the road. Tire marks indicated that the brakes on the defendants' car had been applied at a point forty to forty-five feet north of the place where she was struck and extended for eighty-five feet. This was about the distance in which a car of the type Williams was driving going at a speed of forty miles an hour could be brought to a stop with brakes and equipment in proper working condition. The road consisted of two strips of concrete each ten feet wide, with shoulders, and was substantially level and straight for a distance of four hundred feet northerly and four hundred to five hundred feet southerly of the place of the accident.

The principal claim of error advanced by the plaintiff is that, upon these claims of proof, it was entitled to have the jury instructed that Miss Michalsky, though guilty of contributory negligence, might still be entitled to recover under the last clear chance doctrine. We have repeatedly stated the conditions under which that doctrine applies, as follows: "(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter

becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care." *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Correnti* v. *Catino,* 115 Conn. 213, 217, 160 Atl. 892. In the *Correnti* case we said (p. 225): "Where both the pedestrian and the driver of the automobile proceed in their course to the moment of collision and the former does not come into the position of peril from the automobile until substantially the instant he is hit, the doctrine can have no place in the case." See also *Rix* v. *Stone,* 115 Conn. 658, 663, 163 Atl. 258.

Unless the case before us can be differentiated from the two we have last cited there was no occasion to submit the issue of the last clear chance to the jury. The plaintiff calls attention to a statement in the claims of proof of the defendants that, from the time Williams first saw Miss Michalsky until she ran into the left rear side of his car she appeared to be looking to the south toward the approaching bus. The plaintiff seeks to have us extend the first condition for the application of the doctrine, stated in the quotation from the *Fine* case, to include a situation where, while the injured party has not "already come into a position of peril" the defendant either perceived or ought reasonably to have perceived that he was approaching that position in disregard of the threatening peril.

This contention is completely answered in the leading case of *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 121, 84 Atl. 301: "It is said, however, that there are

cases, and undoubtedly there are, where it is reasonably apparent to the one who inflicts the injury that the injured one is careless of his safety, and that, in continuance of his carelessness, he is about to place himself in a position of danger, which he subsequently does, and where the former thereafter, having a reasonable opportunity to save him from harm, fails to do so; and it is contended that in such cases the conduct of the injured person should be regarded as a remote cause only of the resulting harm. We are unable to discover any logical reason for such a conclusion, or any place at which a practical or certain line of division can be drawn between that careless conduct of a man, playing some part in an injury to him, which the law will regard as having that causal connection with the injury which makes it a proximate cause, and that careless conduct which will not be so regarded, if the contention under consideration is to be approved. . . . To say that no matter if one be negligent in going forward into danger, or in creating new conditions or complicating them, the law will protect him and cast upon the other party the responsibility for the result, is to ignore the fundamental principle of contributory negligence and bring the law upon that subject into hopeless confusion, and merit for it the condemnation which Thompson has so forcibly expressed. 1 Thompson on Negligence, §§ 230, 233."

In *Bujnak* v. *Connecticut Co.*, 94 Conn. 468, 109 Atl. 244, we had before us a case where the plaintiff offered evidence to prove that his decedent approached a trolley track upon a long diagonal course and was struck by a trolley car while upon it, and we said (p. 472): "During the development stage the motorman and decedent were each chargable with contributing, materially and efficiently, to produce the dangerous situation that eventually developed through their co-

operating misconduct, and it was equally within the power of each down to a certain point of time to prevent the creation of a situation of actual exposure. . . . The time came when, the development stage having passed, the decedent, owing to his want of care in part at least, stood in actual present peril, that is to say, where, if he did nothing by way of resort to preventive measures, the on-coming car, if not stopped, would hit his team—where, in other words, it was no longer a question of getting into trouble but one of escape from a trouble he was already in. . . . It is from that moment that the inquiry involved in the application of the so-called last clear chance doctrine begins. It is not concerned with earlier happenings or conditions, but only those then existing or subsequently arising, and it is upon them, and them alone, that the determination of the question involved is dependent." These decisions make it clear that the last clear chance doctrine cannot be extended in accordance with the plaintiff's contention and the trial court did not err in not charging the jury as to its possible application.

The trial court in discussing the question of contributory negligence failed to refer to the fact which the plaintiff claimed to have proved that Miss Michalsky looked to the north before the car in which she was riding came to a stop and saw nothing approaching. The court twice called attention to her testimony, apparently uncontradicted, that after she alighted from the car she looked both ways and saw nothing approaching from the north. In view of that testimony, the lack of specific evidence as to how long before the car stopped she looked, the time it would take for her to alight, and the fact that the road was straight for only four hundred feet to the north, that she looked before the car stopped, could have had too

little significance in determining whether she was guilty of contributory negligence to justify us in directing a new trial because the trial court failed to mention that circumstance.

In charging as to contributory negligence, the trial court did not assume to state all the facts relevant to that issue but left it for the jury to say whether Miss Michalsky was negligent under all the circumstances in not looking to the north after she started to cross the street. Undoubtedly the fact that the bus was approaching from the south was one of the circumstances which the jury would have in mind, even if the court did not specifically mention it. The situation was not one where the plaintiff saw the defendants' car approaching and judged that she could cross in safety before it reached her. The charge of the trial court correctly stated the principles of law applicable to the facts claimed to have been proved with a sufficient reference to those facts to guide the jury to a just result, and it was not required to do more. *Corrievau* v. *Associated Realty Corp.*, 122 Conn. 253, 256, 188 Atl. 436.

There is no error.

In this opinion the other judges concurred.