Lorenz Buck *v.* Stephen William Robinson, Executor (Estate of Anna Buck Robinson).

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued October 9—decided December 5, 1941.

*Catherine P. Hanlon* and *Edward Mascolo,* for the appellant (plaintiff).

*Walter F. Torrance,* with whom, on the brief, was *David N. Torrance,* for the appellee (defendant).

BROWN, J. Anna Buck Robinson died on January 17, 1940, leaving an instrument dated November 28, 1939, which was admitted to probate as her last will on February 20, 1940. From this order and decree the plaintiff appealed to the Superior Court alleging lack of testamentary capacity and undue influence. The jury returned a verdict sustaining the will. The only questions for determination arise under the plaintiff's appeal from the judgment and relate to claimed errors in the charge and in rulings on evidence. The defendant is the surviving husband of the testatrix and sole beneficiary and executor under the will. The plaintiff is the father of the testatrix.

When on November 28, 1939, the testatrix executed the will, which had previously been prepared by an attorney, it bore the date "November 16, 1939." Subsequently the husband took the will back to the attorney, who at his request changed the date to "November 28, 1939." The plaintiff requested the court to charge in substance that by reason of the failure of the testatrix at any time to comment upon this patent error in the date of the will as executed by her, it was a reasonable inference that she was not conscious of this self-evident mistake, and that this fact might be considered by the jury in determining whether she had that knowledge of the other contents of the instrument essential to the making of a valid will. The court did not so charge, but stated to the jury that "the date is not essential to a will," and that it had "appeared in evidence that Anna Buck Robinson called attention to the fact of the date of November 16th being upon the will and wanting it changed. Whether that is a fact or not is for you to determine.

It is claimed that she did, and pursuant to her request, . . . that date was changed." The court's refusal to charge as requested and the charge as given are assigned as error. There is in the finding no claim of proof by the plaintiff that the testatrix did not notice the mistake in date, and there is a claim of proof by the defendant that she did notice it and requested the defendant to have the attorney correct it, as was done. Since the charge must be tested by the finding, it is clear that the plaintiff was not prejudiced by the course which the court adopted.

After the jury had considered the case for more than four hours without reporting, the court called them back and, offering to instruct them further on the law, inquired whether they thought further consideration would enable them to arrive at a verdict. The foreman replied: "There is no particular question," and, "It looks very much as though it is hopeless, as far as we are concerned." The court thereupon did instruct them further. Shortly after, they returned with a verdict for the defendant. The plaintiff's assignment of error attacking this action of the court is too general to meet the requirements of the rules. Practice Book, § 362, Form No. 647 (C); Conn. App. Proc., §§ 98, 101. We might properly disregard it but have considered the claims made in the plaintiff's brief so far as to see whether there has been a substantial denial of justice. *Croughwell* v. *Chase Brass & Copper Co.*, 128 Conn. 110, 112, 20 Atl. (2d) 619. The court did not err in resubmitting the case to the jury. Under the circumstances this cannot be held to have constituted an abuse of its discretion. *Doty* v. *Smith*, 80 Conn. 245, 247, 67 Atl. 885; *State* v. *Mosca*, 90 Conn. 381, 386, 97 Atl. 340; *State* v. *Wyman*, 118 Conn. 501, 507, 173 Atl. 155. The charge of the court in one sentence of its supplementary instructions with

reference to the effect of undue influence could not, in view of the full instructions originally given upon the issue of testamentary capacity and the reference to that issue just before the sentence complained of and in that sentence itself, be reasonably held to have removed it from the consideration of the jury. The court did not err in its charge to the jury.

The plaintiff claims that the court erred in excluding evidence offered by him as to the value of the estate of the testatrix in September, 1939. Her sister had testified that the testatrix had told her she did not wish to make a will naming her husband sole beneficiary but desired to die intestate because under the Statute of Distributions he would be amply provided for and her mother would also inherit a portion of her estate, a result which would be in accord with what she wanted. The ground upon which the evidence was offered is not clear upon the record, but it does sufficiently appear that the plaintiff claimed the value to be a relevant fact concerning the testamentary capacity of the testatrix, since the testimony above recited indicated that the sufficiency of her estate to amply provide for her husband must have been in her mind, and if it was so that half of her property would be sufficient to serve this purpose, the fact that, instead, she left all to him would indicate her lack of capacity in making the will she did. The evidence was relevant and admissible for this purpose. The court erred in excluding the question.

The attorney who had prepared mutual wills for the testatrix and the defendant, whereby each named the other sole beneficiary, when asked by the plaintiff's counsel, "Did he [the defendant] at any time after that execute his will in your presence?" answered, "Not in my presence." Thereupon in answer to questions by the defendant's counsel the witness

stated that he knew whether the defendant had actually executed this will, and that he had. The will was then received in evidence. The plaintiff claims that the court erred in allowing the answer that the defendant had executed the will because it was hearsay, and, under an additional assignment of error which we have considered pursuant to his motion, in admitting the will in evidence on this testimony. The plaintiff's objection was well taken. In addition to his above answer that the will was not executed in his presence, after the instrument had been received in evidence, the witness identified it as the will he had drafted and testified that it was signed by Mr. Robinson in the presence of three witnesses. These further statements by the witness in connection with the instrument itself were claimed by the defendant's counsel to "clear . . . up" the admissibility of the statement that the defendant had executed the will. From this it is apparent that the basis of the witness' knowledge was restricted to his recognition of Mr. Robinson's signature and to his observation that the instrument bore the purported signature of three witnesses. Two essentials involved in the execution of a will in this state are that the testator shall sign it, and that three attesting witnesses shall sign it in his presence. General Statutes, § 4876. Upon this record it is clear that the testimony in question, at least in so far as it concerned the second of these essentials, was objectionable as hearsay evidence. The court erred in admitting it and in receiving the will in evidence upon this testimony.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.