MARY SZLINSKY *v.* PAUL J. DENHUP

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

160

Argued January 2—decided February 13, 1968

*Frederick L. Comley,* for the appellant (defendant).

*James J. A. Daly,* with whom were *John Gill* and, on the brief, *Daniel E. Brennan, Jr.,* for the appellee (plaintiff).

THIM, J. In the present case, the plaintiff sought to recover damages for personal injuries which she sustained when an automobile she was operating collided with an automobile owned and operated by the defendant. The case was tried to a jury, which returned a verdict in favor of the plaintiff. The court accepted the verdict and rendered judgment thereon, from which the defendant has appealed.

We only consider the two assignments of error which the defendant has pursued in his brief. The defendant claims that the supplemental instruction given by the court to the jury after they reported their inability to reach a verdict was inadequate.

He also claims that the trial court violated § 52-223 of the General Statutes and Practice Book § 246 by returning the jury for further deliberations after it had received three reports of disagreement from the jury.

The trial of the case continued over a period of five days. The basic charge of the court to the jury, to which no exception was taken, was completed at approximately 3:35 p.m. on Tuesday, March 14, 1967, and the jury commenced their deliberations, which lasted until 4:40 p.m., at which time they were excused and allowed to go home for the night.

Deliberations were resumed at 10:45 the following morning, and they continued, except for a luncheon recess, until 3:15 p.m., at which time the jury reported they were in disagreement. The court recalled the jury and gave them a supplemental instruction adapted from the charge which had been approved by this court in *State* v. *Smith,* 49 Conn. 376, 386, and which is customarily given after a disagreement has been reported. *State* v. *Avery,* 152 Conn. 582, 584, 211 A.2d 165; *State* v. *Walters,* 145 Conn. 60, 63, 138 A.2d 786, cert. denied, 358 U.S. 46, 79 S. Ct. 70, 3 L. Ed. 2d 45. The defendant took an exception to the supplemental charge. Thereupon, the jury retired and resumed deliberations. Within an hour, they reported they were still in disagreement. Upon receipt of this report, the court excused the jury and requested them to resume their deliberations the following morning. Before excusing the jury for the day, however, the trial judge expressed his hope that a respite until the next morning might assist them in arriving at a just verdict in accordance with the instructions he had given to them.

The jury resumed deliberations at approximately 10 o'clock the following morning without further instructions. After deliberating about one hour, the jury sent the court a third note, which stated that they were hopelessly in disagreement. The trial judge, after recalling the jury, requested them to retire for a few minutes and consider whether the reading of any of the evidence might assist them in reaching unanimity of opinion. The defendant then moved for a mistrial, which was denied. The jury resumed deliberations. Within a short time they requested the court to have the defendant's testimony read, and the court complied. At 11:40 a.m., the court reporter started to read the defendant's testimony which he finished, after the luncheon recess, at 2:25 p.m. The jury retired immediately and resumed deliberations. At 2:50 p.m., the jury returned to the court room and reported a verdict for the plaintiff. The jury had deliberated approximately seven hours.

The defendant does not question the accuracy of the supplemental charge as a statement of a juror's duty. It made "clear the necessity, on the one hand, of unanimity among the jurors in any verdict, and on the other hand the duty of careful consideration by each juror of the views and opinions of each of his fellow jurors, something without which no intelligent body of twelve would be likely to reach a unanimous result in any case where there was any substantial factual dispute." *State* v. *Walters,* supra, 64. An instruction concerning the juror's duty is proper in a civil, as well as in a criminal, trial. *Wheeler* v. *Thomas,* 67 Conn. 577, 580, 35 A. 499; note, 19 A.L.R.2d 1257, 1258 §§ 1, 2.

The defendant claims that the court erred in neglecting to mention in its supplemental instruc-

tion that the jury must consider whether there was a fair preponderance of evidence favoring the plaintiff. Although the defendant did not request the court to repeat its charge on the burden of proof, he argues that it was erroneous for the court to have omitted it from its supplemental charge on the duty of jurors in disagreement. We do not agree.

The court has discretionary power to give, on its own motion, a supplemental instruction to a jury. See *Buck* v. *Robinson,* 128 Conn. 376, 378, 23 A.2d 157; 89 C.J.S., Trial, § 475 (a). The basic charge and the supplemental instruction are to be read and considered as a whole. *State* v. *Johnson,* 139 Conn. 89, 93, 90 A.2d 905. A court should not be bound to bring into a supplemental instruction matters which have been stated in the basic charge unless it becomes necessary to repeat a proposition of law so that the jury may fairly and intelligibly understand the supplemental instruction. The ultimate test of a court's charge is whether it fairly presents the case to a jury in such a way that injustice is not done to either party under the established rules of law. *Cappella* v. *New York, N.H. & H.R. Co.,* 154 Conn. 410, 414, 226 A.2d 394; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818.

To assist the jury in the instant case to reach a unanimous verdict, it does not appear that it was necessary for the court to charge the jury that, in their reconsideration of the case, they were to be governed by an earlier instruction pertaining to the burden of proof. Whether reference to a portion of the basic charge should have been made was a matter which called for the exercise of the court's discretion. There is nothing in the record to indicate that the court abused its discretion.

It is the defendant's claim that the court, by directing the jury to resume deliberations after it had received the third report of disagreement, violated § 52-223 of the General Statutes, which provides: "The court may, if it judges the jury has mistaken the evidence in the cause and has brought in a verdict contrary to it, or has brought in a verdict contrary to the direction of the court in a matter of law, return them to a second consideration, and for like reason may return them to a third consideration, and no more."

It is obvious that the statute becomes applicable only after the jury have returned a verdict. A verdict of the jury is the jury's answer "to the questions of fact contained in the issue formed by the pleadings of the parties." *Day* v. *Webb,* 28 Conn. 140, 144. The statute allows the trial court twice to return the jury to reconsider their verdict if it judges that the verdict which has been returned indicates that the jury have mistaken the facts or failed to follow the directions of law. See *State* v. *Searles,* 113 Conn. 247, 256, 155 A. 213. If a verdict in the proper form is returned by the jury after the jury's second reconsideration, it must be accepted by the court. *State* v. *Searles,* supra; *Black* v. *Griggs,* 74 Conn. 582, 584, 51 A. 523. The process of rendering a verdict is complete when the verdict of the jury is accepted by the court. *Ferris* v. *Hotel Pick Arms, Inc.,* 147 Conn. 72, 74, 75, 157 A.2d 106; *State* v. *DiPietro,* 120 Conn. 537, 539, 181 A. 716.

We do not agree with the defendant's contention that § 52-223 of the General Statutes is applicable to the situation presented in this case. The jury in the present case did make three reports of disagreement to the court. A report of disagreement, however, is not a verdict. It merely serves to inform

the court of the inability of the jury to reach a verdict.

In support of the claim that § 52-223 applies to a situation where the jury report a disagreement, the defendant relies on a statement in *State* v. *Cianflone,* 98 Conn. 454, 462, 120 A. 347, where we said: "General Statutes, § 5788 [now § 52-223], gives the trial court discretionary power to return a jury for reconsideration twice. Unless the court abuses its discretion in holding a jury an unreasonable time for such reconsideration, its decision is final." That statement was obiter dictum. The issue raised by the accused in the *Cianflone* case was, not whether the provisions of the statute limited the number of times a judge could return a jury in the event of disagreement, but whether the court required the jury to deliberate an unreasonable length of time. There is no intendment in the dictum that the limitations specified in § 52-223 should apply when the jury report a disagreement. Nor do we discover that counsel in the *Cianflone* case advanced any such proposition. We conclude that the provisions of § 52-223 have no application to the facts of the present case.

In the absence of a statute to the contrary, the determination of how long a disagreeing jury will be kept together and required to continue their deliberations is a matter of sound judicial discretion. 53 Am. Jur., Trial, § 962; 89 C.J.S., Trial, § 482. The present statute in no way limits that discretion. Nor are there any circumstances indicating that the trial court abused its discretion in the instant case. As we have already noted, the trial consumed five days. The jury deliberated approximately seven hours. When the jury first announced their inability to agree on a verdict, the court gave

them the supplemental charge. On the second report of disagreement, the court simply urged a further consideration of the case in the hope that an agreement might be reached. On the third occasion, the court suggested that it would have the reporter read part of the evidence if the jury were of the opinion it would assist them in their deliberations. The court also informed them that if, within a short time, they were of the opinion that nothing would help resolve the deadlock, they would be discharged. Under the circumstances, we conclude that the court did not abuse its discretion in returning the jury for the third time.

There is no error.

In this opinion the other judges concurred.