JOSEPH TEZACK v. FISHMAN & SONS, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 7—decision released June 14, 1977

*Valentine J. Sacco,* for the appellants (defendants).

*Marshall S. Feingold,* with whom, on the brief, were *Robert B. Halloran* and *Joseph A. O'Brien,* for the appellee (plaintiff).

House, C. J. This is an appeal by the defendants from a judgment of the Superior Court entered on a jury verdict for the plaintiff in his action brought to recover damages for injuries received in a construction accident. The court denied two motions by the defendants to set aside the verdict and a request for remittitur. On the appeal, the defendants have pressed five claims of error which involve three basic claims: that the court erred in failing to mention in its charge to the jury the brevity of the interval of time which elapsed between the cutting of a hole in the roof of an addition to a building and the plaintiff's fall through the hole; that it erred in returning the jury for further consideration of damages after a verdict had been returned; and that it erred in giving a second charge on the question of damages to be awarded.

From the evidence, the jury could reasonably and logically have found the following facts: The plaintiff, Joseph Tezack, was employed as a superintendent for Pomer Clinton Associates, Inc., a general contractor. In May, 1970, Pomer Clinton was

building an addition to the Hartford Jewish Community Center. The addition had a common wall with the existing building. Pomer Clinton entered into a contract with the defendant, Fishman & Sons, Inc., to install a roof on the addition. The defendant Edward Izzo was the foreman on the job for Fishman & Sons.

On May 13, 1970, the plaintiff, the defendant Izzo, and others were working on the roof of the addition. In preparation for the installation of air-conditioning ducts, the plaintiff marked off roofing material called insulrock into twenty-inch squares, which the defendant Izzo cut partially with a rotary saw and then knocked out with a sledgehammer. After checking on the joint between the old and the new buildings, the plaintiff stepped on a square which had been partially cut out by the defendant Izzo, fell through the hole carrying the twenty-inch square of insulrock roof material with him and landed on the concrete balcony of the squash court under construction approximately twenty feet below. He sustained personal injuries and was treated at Mount Sinai Hospital by an orthopedic surgeon and by a general surgeon for severely fractured wrists, which were placed in casts up to the elbow. He also sustained a right and a left hernia. From May 14, 1970, to October 22, 1970, the plaintiff was out of work. From May 13, 1970, to May 18, 1970, and again from June 20, 1970, to July 11, 1970, he was hospitalized. As a result of the fall, he was left with a 15 percent permanent disability of his right wrist and a 25 percent permanent disability of his left wrist. His total medical bills were $4680 and his lost income was in the amount of $5720— making total special damages of $10,400. The verdict which was accepted by the court awarded the

plaintiff $10,400 damages for medical expenses and wages lost and $15,000 damages for pain and suffering.

The defendants' first claim is that the court erred in failing to mention in its charge to the jury the brevity of the interval of time between the cutting of the hole in the new roof and the plaintiff's fall through it. They argue that "it was the function of the presiding judge that he bring out to the jury the necessary factors which caused the fall of the plaintiff through the cut area on the roof."

While a charge should point out clearly to the jury the application of "the principles of law . . . to the facts claimed to have been proved"; *Middletown Trust Co.* v. *Armour & Co.,* 122 Conn. 615, 621, 191 A. 532; the court should be careful to leave any issue of fact to them. *Heslin* v. *Malone,* 116 Conn. 471, 477, 165 A. 594. "The degree to which reference to the evidence may be necessary lies largely in the discretion of the court." *State* v. *Vincenzo,* 171 Conn. 240, 244, 368 A.2d 219; *State* v. *Guthridge,* 164 Conn. 145, 153, 318 A.2d 87, cert. denied, 410 U.S. 988, 93 S. Ct. 1519, 36 L. Ed. 2d 186; *Gorham* v. *Farmington Motor Inn, Inc.,* 159 Conn. 576, 583, 271 A.2d 94. " 'The test of a charge is not whether it applies pertinent rules of law to every ramification of facts conceivable from the evidence. Rather, it is whether the charge "fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law." *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798 . . . .' " *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 569–70, 316 A.2d 394. We find no merit to this claim of error in the charge.

The defendants next claim that the court erred by returning the jury for further consideration of damages after they first returned a verdict. On this first verdict form, the jury wrote: "Medical $8,385.80; Full Wages $6,974.00." They did not add these figures together. The evidence and proof submitted by the plaintiff would have supported a finding of medical bills totaling $4680 and loss of income of $5720. Obviously, the jury incorrectly added up the bills and loss of income or misinterpreted the figures. Counsel agreed with the court that the total of lost wages and medical bills was $10,400. The court recalled the jury and pointed out the difference between their computations for medical bills and loss of income and the amounts submitted in evidence. It also commented: "If you followed my instructions you were to take into consideration the matter of pain and suffering, as well as any future effects or other effects, that is, upon the plaintiff, of the injuries that he had received, and that a reasonable amount should be allowed for these items, so I am going to send you back with this verdict to reconsider it, to see first of all—well, to make the revisions in the items that you have allowed, and to also consider adding a reasonable amount for those elements which you apparently overlooked."

The jury later sent the court a question: "What are the total of wages and medical? We are having problems with medical billings." After a discussion among counsel and the judge, the judge instructed the jury that the total of lost wages and medical bills was $10,400. The jury then returned their ver-

dict with the following figures substituted on the verdict form: "Medical and Wages $10,400; Pain and Suffering $15,000." The court accepted this verdict.

The action of the court in returning the jury for further consideration of their verdict was clearly proper. The practice has been followed since as early as 1810. See *Russell* v. *Bradley,* 4 Day 403, 406. It is expressly authorized by § 246 of the Practice Book and by § 52-223 of the General Statutes. See also *Szlinsky* v. *Denhup,* 156 Conn. 159, 164, 239 A.2d 505, and *Marini* v. *Wynn,* 128 Conn. 53, 56, 20 A.2d 400.

The final claim of the defendants is that the court erred in the comments it made in sending the jury back for further consideration of their verdict. As we have noted, the comments were very brief. After pointing out that the figures for medical expenses and lost wages reported in the initial verdict were not consistent with the evidence, the court added the brief comment about the propriety of the jury's consideration of the element of future pain and suffering and instructed them to reconsider the verdict and "to make revisions in the items that you have allowed, and to also consider adding a reasonable amount for those elements which you apparently overlooked."

It is proper for the trial court to return the jury to reconsider their verdict if it judges that the verdict which has been returned indicates that the jury have mistaken the facts or have failed to follow the directions of law. *Szlinsky* v. *Denhup,* supra; *Marini* v. *Wynn,* supra; *Ryan* v. *Scanlon,* 117 Conn. 428, 436, 168 A. 17. We find no error in the charge as a whole, including the supplemental charge. The

court was fully warranted in refusing to accept the verdict as originally rendered and in returning the jury for further consideration.

There is no error.

In this opinion the other judges concurred.